# Reish, Administrator, *versus* Commonwealth of Pennsylvania.

1. The Commonwealth's right to collateral inheritance tax is not defeated by a conveyance or transfer of the title to property, during the lifetime of the owner, nor by possession taken under such conveyance, if the enjoyment of the property conveyed is not intended to take effect until the death of the grantor.

2. A. while suffering from his last sickness conveyed his property in fee to his brother, and only heir, B., for the consideration of $1. At the same time B. executed a bond conditioned for the faithful payment to A. his executor, administrators or assigns, of the net income of said property, without fraud or delay.
   *Held,* That under this bond the ownership of the property conveyed to B. did not take effect in enjoyment until A.'s death; and, therefore, that upon the happening of this event, said property was subject to collateral inheritance tax.

3. The owner of an estate cannot defeat the plain provisions of the Collateral Inheritance Law (Act of April 7, 1826) by any device which secures to him, for life, the income, profits and enjoyment of his estate. Said law can only be defeated by such a conveyance as parts with the possession, the title and the enjoyment during the grantor's lifetime.

May 6, 1884.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Union county:* Of January Term, 1884, No. 417.

Scire facias on a claim for Collateral Inheritance Tax brought by the Commonwealth against Isaac Reish administrator of John Reish, deceased.

On the trial, before BUCHER, P. J., the following facts appeared: John Reish died August 15, 1878, leaving to survive him no lineal and only one collateral heir, his brother Isaac Reish, the defendant. On August 10, 1878, the said John Reish while suffering from his last sickness, executed a deed in fee simple for all his real estate, and by the same instrument transferred all his personal estate to Isaac Reish; the consideration recited being one dollar. At the same time the latter, gave to John

Reish, a bond in the penal sum of $5,000 containing the following condition : " The condition of this obligation is such that, if the above-bounden Isaac Reish, his heirs, executors, administrators, or any of them, shall and do well and truly pay or cause to be paid unto the above-named John Reish, his executors, administrators, or assigns one half of the net income arising from the real estate held prior to this date by the said John Reish and Isaac Reish as tenants-in-common, and one half of the net income arising from the tract of land, conveyed by Hudson Mench, administrator of Reuben Mench, deceased, to the said Isaac Reish, containing eighty-four acres and thirty-four perches, and the income of the bank stock and interest-bearing obligations of the said John Reish this day assigned and transferred to the said Isaac Reish, and shall allow to the said John Reish the free use, enjoyment, occupancy and control of the premises where he now lives, including the house and out-buildings, garden, yard and barn, and all the household goods and other personal property thereon, in the manner he has heretofore been accustomed to use and enjoy the same without fraud or further delay, then this obligation to be void and of none effect, otherwise to be and remain in full force and virtue."

On July 26, the register of wills for Union county had the real and personal estate of John Reish appraised; the total valuation as filed by the appraisers being $17,229.60. On January 9, 1882, the register filed in the Court of Common Pleas for said county his certificate and copy of claim for collateral Inheritance Tax for $861.48, (five per cent. on the above valuation), and interest at twelve per cent. from August 15, 1878,—the date of John Reish's death.

A scire facias was issued on this claim by the register on January 9, 1882, and served on Isaac Reish, administrator, at the trial. The latter defended on the ground that the property contained in the inventory did not belong to John Reish at the time of his death, but had previously been conveyed and transferred to the defendant, and was not subject to Collateral Inheritance Tax.

The court charged the jury, inter alia, as follows:

" Now then as an abstract proposition, I say to you that I believe the law of the land is, that a party may if he sees proper, denude himself of all his property, bounded by the limitation that he does not do it with the view to escape the payment of the tax; that is to say : John Reish had a perfect right to denude himself or to sell for one dollar, all the real and personal estate that he did sell to his brother, if the jury are satisfied from the testimony in the case, that he did it bona fide and without any intent to evade the payment of the tax,

but I deny the legal proposition as contended for by the learned counsel for the defendant that a party is at liberty to give away or sell his property for the sole and exclusive purpose of evading the provisions of the Act of Assembly. If such were the law, the result would be, that the Commonwealth would get nothing. I deny that a man can hold on to the possession of his worldly goods until the eve of his dissolution draws nigh, and then call in a blood relative and just hand it over to him, and in that way deprive the Commonwealth of the right to collect her revenues—such is not the law. If this property was given by John Reish to Isaac Reish in good faith, and not for the purpose of the payment of the tax, then we instruct you that you ought to find for the defendant. But on the other hand, if you believe the contention on the part of the Commonwealth, that it was not a gift springing from pure affection, or that in the absence of its being a gift it was a sale and the consideration was only one dollar, and that, after all, the moving and inducing cause which prompted John Reish to make the transfer, was to escape the payment of the tax— then we instruct you that you ought to find a verdict in favor of the Commonwealth."

Verdict for plaintiff, the commonwealth, for $1,354.41 and judgment thereon. Whereupon the defendant took his writ, assigning for error that part of the charge to the jury, above quoted.

*Charles S. Wolf (Leiser* with him), for the plaintiff in error.—John Reish did not " die seised or possessed " of the property upon which the collateral inheritance tax was levied, so as to bring said property within the provisions of the Act of April 7, 1826, § 1; nor did it pass from him " by will or under the intestate laws," but by deed of August 10, 1878. It is not a question of the intent with which the transfer was made, but of what interest was transferred. A man's disposition of his property before his death, in order to prevent its becoming subject to collateral inheritance tax, is no more a fraud on the commonwealth, than his bequeathing his entire estate to strangers would be a fraud on his heirs. The liability of an estate to the payment of collateral inheritance tax, depends upon whether the decedent was owner of it at the time of his death: Stinger v. Commonwealth, 2 Casey, 423. In Wright's Appeal, 2 Wr. 507, and Tritt v. Crotzer, 1 Harris 451, the estates were conveyed by deeds "intended to take effect in possession after the grantor's death," thus coming within the express provisions of the statute. John Reish conveyed his estate absolutely and presently, and the bonds executed at the same time by Isaac, show no intention of the

parties to reserve any interest in the grantor. Under the bond there was simply a personal charge created against Isaac Reish to pay John certain moneys during the latter's life. This in no way affected Isaac's absolute and present ownership of the property transferred to him by the deed.

*Andrew H. Dill* (with whom were *Beale* and *A. Hayes*) for the defendant in error.—The evidence afforded by the deed and bond alone, bring the case within the Act of 1826, imposing collateral inheritance tax. The Act contemplates three classes of cases, to wit: Death with a will; death without a will; transfer by deed made or intended to take effect after the death of the grantor. It is clear, under the statute, that where a deed absolute on its face, is accompanied by an agreement, that the enjoyment of the estate conveyed, shall be postponed until after the death of the grantor, said estate will be subject to the payment of the collateral inheritance tax. The bond executed by Isaac Reish, is such an agreement, and under it the covenantor was simply trustee of the legal title to John Reish's estate until the latter's death. This deed and bond were a mere contrivance to evade the payment of the collateral inheritance tax, and cannot be sustained for that purpose under the statute.

Mr. Justice CLARK delivered the opinion of the court, October 6, 1884.

John Reish, late a resident of Lewis township, Union county, died on the 15th of August 1878, intestate and unmarried, leaving to survive him no lineal and but one collateral heir, his brother Isaac Reish, the plaintiff in error. On the 10th of August, 1878, the said John Reish, whilst suffering with the disease of which he in a few days died, executed a deed in fee simple, for all his real estate, and by the same instrument transferred all his personal estate to Isaac Reish; who, at the same time, gave to his brother, a bond in the penal sum of five thousand dollars, containing the following condition, viz:

" The condition of this obligation is such, that if the above bounden Isaac Reish, his heirs, executors, administrators, or any of them, shall and do well and truly pay or cause to be paid unto the above named John Reish, his executors, administrators, or assigns, the one half of the net income arising from the real estate held prior to this date by the said John Reish and Isaac Reish, as tenants in common; and one half of the net income, arising from the tract of land, conveyed by Hudson Mench, administrator of Reuben Mench, deceased, to the said Isaac Reish, containing eighty-four acres and thirty-

four perches; and the income of the bank stock and interest bearing obligations, of the said John Reish, this day assigned and transferred to the said Isaac Reish; and shall allow to the said John Reish the free use, enjoyment, occupancy, and control of the premises, where he now lives, including the house and out-buildings, garden, yard and barn, and all the household goods and other personal property thereon, in the manner he has heretofore been accustomed to use and enjoy the same, without fraud or further delay, then this obligation to be void and of none effect; otherwise, to be and remain in full force and virtue."

The real and personal property conveyed and transferred, having been regarded as subject to a charge for collateral inheritance tax, were afterwards, on the 26th of July, 1880, appraised, the total valuation being $17,229.60; and, on the 7th of January, 1882, the register filed, in the Common Pleas of Union county, his certificate and claim for $861.48, with interest, at the rate of 12 per cent., from the 15th of August, 1878.

The present controversy arises upon a *scire facias*, issued on this claim. The defendant below contends, that the decedent, at the time of his decease, was not seised or possessed of the property appraised, but that the same was and had been conveyed and transferred to him absolutely; that he is not liable, therefore, to the payment of collateral inheritance taxes thereon.

The Act of April 7th, 1826, section 1, provides, that, "all estates, real, personal and mixed, of every kind whatsoever, passing from any person, who may die seised or possessed of such estate, being within this commonwealth, either by will or under the intestate laws thereof, or any part of such estate or estates, or interest therein, transferred by deed, grant, bargain or sale, made, or intended to take effect, in posssession or enjoyment, after the death of the grantor or bargainor, to any person or persons, &c., other than to or for the use of father, &c., shall be and they are hereby made subject to a tax or duty," &c., &c.

What was the effect of the writings made August 10th, 1878, so far as the charge for collateral inheritance tax is concerned? The deed and the bond were contemporaneous, the execution and delivery of both constituted a single transaction; the deed was absolute, it contained no condition, it was without reservation; but the bond, although in the form of a mere personal obligation, was in effect, we think, as regards the collateral inheritance tax, a postponement of the time of enjoyment, a reservation of the income and profits of the property, during the lifetime of the grantor. All property is

subject to the tax. which, in the language of the statute, is transferred by deed, &c., *made or intended to take effect* in possession, *or enjoyment* after the death of the grantor. The commonwealth's right to collateral inheritance tax is, therefore, not defeated by a conveyance of the title, nor by possession taken under it, if the enjoyment is intended to take effect at the death of the grantor. The enjoyment of real estate is not the exact equivalent of possession, nor is it so used in this statute; in no case could the distinction be more clearly made, than in the case under consideration. Under his deed, Isaac Reish was the undoubted owner of the lands in fee, and of the personalty absolutely, and the title drew to it the right of possession; but by the express contemporaneous agreement of the parties, the ownership took effect *in enjoyment* at the death of the grantor. John Reish, was entitled to receive the same income and profits from the property, during his life, as if the transfer had not been made. One certainly cannot be considered, as in the actual enjoyment of an estate, who has no right to the profits or incomes arising or accruing therefrom.

It is true, the obligation of the bond was not inserted as a condition or reservation in the deed, it was in form a mere personal obligation; but this contention does not involve a technical question of title nor of lien, the whole matter depends upon the single fact, whether or not the transfer was made or intended to take effect, in enjoyment at the death of the grantor. The policy of the law will not permit the owner of an estate, to defeat the plain provisions of the collateral inheritance law, by any device which secures to him, for life, the income, profits, and enjoyment thereof; it must be by such a conveyance as parts with the possession, the title, and the enjoyment in the grantor's life time.

It was not necessary, in order to create liability for the tax, that John Reish should have died seised or possessed of any interest in the land; this was a conveyance by deed; the words "seised or possessed" by the terms of the statute, apply to transfers by will, or under the intestate laws only. The vice of the argument, on part of the plaintiff in error, is in assuming that in order to charge an estate, transferred by deed, with an inheritance tax, the grantor must, at the time of his death, have some title or estate remaining, and that such title or estate only as the grantor actually owns, at death, is subject to the tax. A very labored and ingenious argument is made to show that John Reish did not die seised or possessed of any estate, excepting the bond and the right it secured; that these only, should have been appraised. The learned counsel contend that "the part of such estate or

interest therein " transferred by the death of John Reish, and which then took effect in enjoyment and possession, and these only are subject to the tax. The letter as well as the spirit and meaning of the act, however, is clear. When an estate is transferred by deed to any other than those exempted from the operation of the statute, intended, however, to take effect in enjoyment at the death of the grantor, it is the value of the lands so transferred which is liable to the duty, not the value of the interest or part remaining.

He could not perhaps say, under the facts as they appear, that such transaction raised a trust in favor of the grantor, nor is it necessary, for the purposes of this case, that any trust relation should be found to exist; the fact that the transfer was intended to take effect in enjoyment at the death of the grantor, subjects the estate to a tax. If such an intention is not expressed in the deed, it may otherwise appear; in this case it is shown by the bond, which was part and parcel of the transaction which involved the conveyance.

In Stinger v. Commonwealth, 2 Casey 422, the liability was said to depend upon the question, whether the decedent was the owner, at the time of his death; but there was no question there, as to the time when the deed was to take effect in enjoyment, it raised simply a question of delivery; if the delivery was a legal one, it exhibited an absolute sale, without reservation or postponement of enjoyment.

The jury have found that the conveyance was but a scheme to defeat the commonwealth, and to deprive her of the tax; but in the view we have taken of the case, it is unimportant what may have been the intention of the parties in that respect, and we will not consider the effect of such a finding.

The judgment is affirmed.