In the Matter of the Estate of HEZRON A. JOHNSON, Deceased.

*(Surrogate's Court, New York County, Filed June 16, 1892.)*

COLLATERAL INHERITANCE TAX—TIME OF VESTING OF ESTATES.

Testator, after making a will giving his property to his wife and issue, executed a deed of trust by which he transferred his property in trust for the support and maintenance of himself and family and on

his death to distribute it according to the provisions of the will. *Held,* that the legatees took by virtue of the will and not the deed, and that the law in force at the death of testator should govern, and such death having taken place subsequent to the passage of the act of 1891, the interests of the wife and children were taxable.

Motion for reargument.

The report of the appraiser was overruled by the surrogate in the following opinion:

RANSOM, S.—The appraiser has reported that the property to which the wife and children of testator became entitled vested at the time of the execution and delivery of the deed, and passed by such deed and not by his will; that the time of such vesting being before the act of 1891, the deed is not affected thereby, and, consequently their interests are not subject to the payment of the tax imposed by the amendment of 1891. It is very plain that no interest vested in these legatees by virtue of the deed. Townshend v. Frommer, 125 N. Y. 446, 36 St. Rep. 133. Whatever interest they received from the decedent they became entitled to by virtue of the provisions of the will, and they are unaffected by the deed except so far as by it the grantor reserved to himself the right to dispose of his estate by will. The interests of the wife and children are subject to the amendment of 1891. The matter will be remitted to the appraiser to report anew in accordance with these views.

Miller, Peckham & Dixon, for executrix; Edgar J. Levey, for comptroller.

RANSOM, S.—The testator, by his will, executed May 13, 1882, and a codicil executed May 22, 1889, gave his property in certain proportions to his wife and issue. On November 29, 1889, he executed a deed of trust by which he transferred the bulk of his property, real and personal, to a trustee in trust to invest the same and apply the income therefrom to the support and maintenance of the grantor and his family, and upon the death of the grantor to distribute and pay over the property

and its proceeds to and among the heirs or representatives of the grantor in accordance with the provisions of his will. The testator died in September, 1891, subsequent to the passage of the act by which the law was amended so as to subject to taxation the personal estate of decedents bequeathed to wife or children, where the beneficial interest exceeds $10,000.

The appraiser reported that the legatees were exempt, holding that they took by virtue of the deed a vested interest in the estate. The surrogate, in a decision appearing at page 200 (April 26, 1892), overruled the appraiser, and held that the legatees took by virtue of the will; consequently, their interests were taxable. The executrix now moves for a reargument, basing her motion upon the decision of the Court of Appeals in Genet v. Hunt, 113 N. Y. 158, 22 'St. Rep. 774. That case was brought for the construction of the will of Caroline M. Riggs, who, in anticipation of marriage, executed a trust deed, by which she conveyed all her estate, real and personal, to trustees to receive the income and apply the same to her use during coverture, and upon the further trust, if she should die during coverture, to convey the same to such devisee or devisees, in such share or proportion, as she by her last will and testament may direct; and in default of any such direction to convey the same unto such persons living at her death, and being her heirs-at-law, as would be entitled to take the same by descent in case the same was land belonging to her in the State of New York. Testatrix died during coverture, having executed a will by which she directed that said estate be set apart into two equal shares for the benefit of her children. She directed her executors and trustees to take charge of the property, to manage the same, and to apply the income to the support, maintenance and education of said two children during minority, and upon their respectively attaining twenty-one years of age to pay over to each child after so attaining that age the net income of one-half said estate during their respective lives; and after their deaths respectively the respective shares of said estate set apart as above directed shall go to and belong to their heirs-at-law and next of kin re-

spectively, in the same manner as though they were respectively absolute owners of the same. In case of the death of either of said children before attaining majority and without issue, the share set apart for the benefit of the one so dying to be applied to the use of the survivor. If issue, then the issue to receive the same. In case of the death of both children without issue, before attaining majority, then upon the death of the longest liver the property was given, after the payment of certain legacies, in equal shares to her brothers and sisters and their issue. The question presented was whether the trusts created were valid. If the testatrix was the absolute owner of the property at her death, then the trusts were valid, for the absolute ownership was to vest at the furthest within the lives of the two children. The court held that the validity of the trusts was to be determined by the test whether it would be valid if it had been part of the limitation in the trust deed and had been inserted therein at the time the deed was executed; that for the purpose of determining this question the deed and the will must be read and construed together, and inasmuch as when so read they provided for a possible suspension of the power of alienation for three lives they were invalid. An additional reason was that the two children upon whose lives the trusts in the will are limited were not in being when the trust deed was executed and could not have taken such an estate as was limited under the will if it had been limited in the same manner in the trust deed.

It was absolutely necessary that the will should be executed and admitted to probate for the purpose of giving effect to the power reserved in the deed. 4 Revised Statute, part 2, chapter 1, article 3, section 115. Without the will the legatees named therein would not have taken the same interest. While the two instruments are construed together for the purpose of determining the disposition made thereby, and for other purposes, it is a fiction of law which is only resorted to for equitable purposes and its application is not unlimited. As is said by Lord Sugden: "Where a person takes by execution of a power,

whether of realty or personalty, it is taken under the authority of that power, *but not from the time of the creation of that power.* The meaning that the persons must take under the power, or as if their names had been inserted in the power, is that they shall take in the same manner as if the power and instrument executing the power had been incorporated in one instrument; then they shall take as if all that was in the instrument executing had been expressed in that giving the power. So it is in the appointment of uses. If a feoffment is executed to such uses as he shall appoint by will, when the will is made, it is clear that the appointee, *cestui que use,* is in by the feoffment, but has nothing from the time of the execution of the feoffment so as to vest the estate in him. The estate will vest in him according to the nature of the act done and appointment of the use from the time of the testator's death. This, therefore, is not a relation so as to make things vest from the time of the power, but according to the time of the act executing that power; not like the referring back in cases of assignment in commission of bankruptcy, that is, by force of the statute, and to avoid mesne wrongful acts," citing the decision of Lord Hardwicke in the Duke of Marlborough v. Lord Godolphin, 2 Ves. Sr. 61; 2 Sugden on Powers, 23.

The doctrine thus stated is approved in this State in Jackson v. Davenport, 20 Johns. 536-550, the chancellor saying: "This doctrine, that a deed executing a power refers back to the instrument creating the power, so that the party is deemed to take under the deed from the grantor by whom the power was created, and not from the power, is a fiction of law, and so it was considered in Bartlet v. Ramsden, 1 Keb. 570, *relatio est fictio juris,* according to the resolution in Menvil's Case, 6 Co. Rep. 416, and is upheld to advance a right, not to advance a wrong, or to defeat collateral acts which are lawful, and especially if they concern strangers."

In Seibert's Appeal, 110 Pa. St. 329, testator, by his will, bequeathed his property to certain collateral relatives, and for religious and charitable purposes; subsequently he transferred

all his property, by deed duly acknowledged, to the persons named as executors in his will, they to receive the income of the same to their own proper use during the life of the testator, and at his death to hold the same for the uses and purposes set forth in said will. The court said: "The intent of the testator is to be deduced from the language of his will. An examination thereof clearly leads to the conclusion that its main purpose was to prevent his property from liability to a collateral inheritance tax. The property which he sought to transfer was not to take effect in enjoyment until after his death. This clearly subjects the property to a collateral inheritance tax under section 1 of the act of 1826. The deed executed by the testator on the 14th of August, 1882, did not change the time of enjoyment previously designated in his will. It expressly declared the vendees shall hold the property in trust for the uses and purposes set forth in said will." Citing Reisch v. Commonwealth, 10 Out. 521; s. c., 106 Pa. 521.

It will be seen that the Pennsylvania courts, in the cases cited above, while recognizing the fiction of law that the deed granting the power and the will executed thereunder are to be construed as one instrument, hold that the instrument is to be regarded as a deed to take effect in enjoyment upon the decedent's death. The statute of this State corresponds in its language to the Pennsylvania act, and should receive a similar construction. The law when the deed goes into effect, viz.: the death of the testator or donee of the power, should govern, not the law at the time the deed was executed.

In New York Life Ins. & Trust Co. v. Livingston, 44 St. Rep. 102, Judge ANDREWS, writing the opinion of the Court of Appeals, says: "The testator owned the property embraced in the trust prior and up to the time the deed was executed. He reserved therein a beneficial interest during his life and a power of appointment by will. This was little less than ownership, and the statute, for the purpose of construing a disposition by will under a power of appointment, treats the subject of the power as *the property of the donor of the power,* and, conclus-

ively, infers an intention in a testator to execute a power where the will disposes of all his property, and the inference is not rebutted except by express language or necessary implication."

The language of the Revised Statutes, 1 Rev. Stat. 737, section 126, is not entirely without significance: "Lands embraced in a power to devise shall *pass by a will* purporting to convey all the real property of the testator unless the intent that the will shall not operate as an execution of the power shall appear expressly or by necessary implication."

Some test of the logic of the position of the executrix may be gained by suggesting, could it be successfully claimed that; for the purpose of charging interest or penalty upon a bequest given in a will which was executed under a power contained in a deed, that the legacy would relate back to the execution of the deed, and that, therefore, the tax accrued at the date of the delivery of the deed, and at that time interest began to run?

Motion for reargument denied.