STONY ARMSTRONG V. THE STATE.

No. 10636. Delivered February 23, 1927.

Rehearing denied April 30, 1927.

1.—Theft, a Misdemeanor—Election by State—Sustained.

The offense denounced under Art. 1346, being malicious mischief, for removing any of the parts or appurtenances from an automobile, is a separate and distinct offense from that of theft. While the same acts might constitute either offense, the state has the right in any case to elect under which of said statutes the prosecution shall be brought.

ON REHEARING.

2.—Same—Continued.

On rehearing, appellant insists that this court was in error in the original opinion, in holding the prosecution in this case properly brought under the theft statute. We cannot agree with his contention. See opinion on rehearing for discussion of the subject and authorities. The motion for rehearing is overruled.

Appeal from the District Court of Coryell County. Tried below before the Hon. Joe H. Eidson, Judge.

Appeal from a conviction of theft of property less than $50.00 in value, penalty a fine of $250 and confinement in the county jail for six months.

The opinion states the case.

*T. R. Mears* of Gatesville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was indicted and tried for

felony theft and convicted of misdemeanor theft, and his punishment assessed at confinement in the county jail for six months and a fine of $250.

The charging part of the indictment under which appellant was tried and convicted reads as follows:

"Did then and there unlawfully and fraudulently take one Dunlop balloon automobile casing of the value of fifteen dollars, and two Fisk balloon automobile casings of the value of fifteen dollars each, totaling thirty dollars, three automobile rims of the value of one dollar each, totaling three dollars, and three automobile inner tubes of the value of two dollars each, totaling six dollars, the value of all of the said articles aggregating fifty-four dollars, the same being then and there the corporeal personal property of and belonging to L. E. Hawkins, from the possession of said L. E. Hawkins," etc.

We have examined the statement of facts carefully and find the same amply sufficient to sustain the verdict of the jury.

The only defense made by the appellant and the only evidence offered was testimony tending to show the aggregate value of the property alleged to have been stolen to be under the value of fifty dollars. Inasmuch as the appellant was convicted of misdemeanor theft, the question of felony theft passes out of the case.

Appellant, by a motion to quash the indictment and also by bills of exception Nos. 1 and 2, raises the question as to whether or not the appellant should have been indicted and tried under Art. 1346 of the Penal Code instead of Art. 1410, the general theft statute. The offense denounced under Art. 1346 is an entirely separate and distinct offense from that of theft. The offense established by the proof in this case against the appellant was theft. The offense denounced in Art. 1346 is malicious mischief. The malicious and wilful removal from any motor vehicle or bicycle, etc., of any tire, rim, etc., without authority from the owner and unlawfully would constitute a violation of the law under said Art. 1346, but when the facts go further, as they did in this case, and show a fraudulent design to appropriate the property to the use of the offender, and deprive the owner of the value of the same, the offense assumes the graver character of theft and, if the value of the property be under fifty dollars, is punishable by confinement in the county jail and by fine or by confinement in the county jail alone.

The state had the right to elect to prosecute for the theft of the articles instead of prosecuting for the offense under Art. 1346.

There being no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews his contention that Art. 1346, P. C. (1925) supplanted Art. 1410, P. C. (1925) in punishing one for theft of parts and automobile accessories named in Art, 1346, which reads as follows:

"Whoever shall maliciously or wilfully and without authority from the owner unlawfully remove from any motor vehicle or bicycle any portion of the running or steering gear, pump, or any tire, rim, robe, cover, tube, clock, casing, radiator, fire extinguisher, tool, lamp, starter, battery, coil, spring, gas or oil tank, bell or any signal device, speedometer, license number, horn, box, basket, trunk or carrier, shield, hood, oiler, gauge, chain or any device, emblem or monogram thereon, or any attachment, fastenings or other appurtenances or any other part attached to such vehicle which is necessary in the use or operation thereof, or whoever knowingly buys, receives or has in his possession any of said articles or any part thereof so unlawfully removed, shall be fined not exceeding one hundred dollars, or be imprisoned in jail not less than six months nor more than one year."

It is appellant's contention that one who removes from an automobile any of the parts or accessories named in said article cannot be prosecuted for theft, but that said Art. 1346 is a special statute relating to the taking of the property mentioned therein which is controlling. We are referred to Acton v. State, 104 Tex. Crim. Rep. 75, 282 S. W. 805, and Duffield v. State, 103 Tex. Crim. Rep. 631, 282 S. W. 807. The prosecution in those cases was under what is now Art. 1346. The point made was that the legislature (Acts 1917, p. 484, Sec. 33) by passing what is now Art. 1344, P. C. (1925), had repealed Art. 1346, which was enacted in 1913. The question here raised was not involved or considered in those cases. The history of Arts. 1346 and 1341 as now found in the code will throw some light on the question now before us, and aid in arriving at the intention of the legislature and codifiers. In 1913 the Legislature (Chap. 1, p. 187) enacted a law which in Section 1 embraced what is

now Art. 1341, and in Section 2 embraced what is now Art. 1346. The language then employed, however, was much different from that now found in said articles. Section 1 began with the words "Whoever *shall steal* or purposely take," etc., and Section 2 began with the words "Whoever shall maliciously or *with intent to steal*," etc. So far as we are advised this court was never called on construe Section 2 under its original wording. Section 1 as originally passed, however, was construed in Sparks v. State, 76 Tex. Crim. Rep. 263, 174 S. W. 351, wherein it was held that the use of the word "steal" therein had the effect of denouncing the theft of an automobile as a misdemeanor, regardless of its value. At the time this opinion was delivered the legislature was in session. It immediately amended said Section 1 (Acts 1925, p. 160) and omitted the words "shall steal." In Hunt v. State, 89 Tex. Crim. Rep. 89, 229 S. W. 869, this court construed said section as amended and held that it no longer denounced the taking or using of an automobile under the circumstances mentioned in said section as theft. Section 2 seems to have remained on our statute books in its original wording until changed in the re-codification of 1925 to its present form in Art. 1346. The codifiers omitted therefrom the words "with intent to steal" and inserted the words "wilfully" therein, by such change making it conform to the legislature's act with reference to Section 1 and also to the holding in Hunt's case (supra). The change in Art. 3146 brings a violation of it clearly within the domain of "malicious mischief." This was evidently the understanding of the codifiers as we find said article under the chapter of the penal code dealing with offenses so classed.

Appellant further urges that the latter part of Art. 1346 making guilty one who "knowingly buys, receives or has in his possession any of said articles * * * unlawfully removed" from an automobile is inconsistent with any other idea than the fraudulent removal of them and the further purpose to deprive the owner of their value, and that this wording shows it to have been either the obvious intent of the legislature, or a necessary result, that one who might steal the property mentioned in Art. 1346 should be prosecuted for malicious mischief. We think such implication does not necessarily follow from the language used. One might "knowingly buy, receive or be in possession" of articles which were maliciously and wantonly removed from an automobile in the absence of any fraudulent intent to steal them at the time of their removal, hence no theft by the party

removing, nor receiving of stolen property by the one who buys or receives it. We conclude that one who removes from an automobile the property enumerated in Art. 1346 with the fraudulent intent to appropriate them to his own use and to deprive the owner of the value may be prosecuted under the general theft statute (Art. 1410), and that appellant's contention to the contrary should not be sustained. Jordan v. State (No. 10372, opinion March 9, 1927). It is believed that this announcement is not in conflict with the holding in Busey v. State, 87 Tex. Crim. Rep. 23, 218 S. W. 1048, regarding Art. 1349, P. C. (1925), with reference to taking fruit, melons, etc., from the farm, orchard or garden. The history of that statute was traced in Espalin v. State, 90 Tex. Crim. Rep. 625, 237 S. W. 274. The offense denounced in said Art. 1349 and the class of property designated, together with the wording of the statute caused us to reach the conclusion announced in the two cases last mentioned.

It is the duty of the court to construe the various articles of the statute in such way as will give effect to all of them if it can be done without violence to statutory construction, and an effort to do this has led us to the conclusion that there is no such conflict between Arts. 1346 and 1410 as will prevent each being operative for the protection of property designated under Art. 1346, the offense committed depending on the facts of the particular case.

Appellant's motion for rehearing is overruled.

                                                    *Overruled.*