

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 24, 1948

Hon. Geo. H. Sheppard
State Comptroller of Public Accounts
Austin, Texas

Opinion No. V-552

Re: Whether estate in real
property conveyed by
deed expressly provid-
ing conveyance shall
take effect at death of
grantor is subject to
tax on grantor's death.

Dear Sir:

You have sent us your complete file on the Estate of J. W.
Everman and the brief of the attorneys representing the estate.
The file and brief apprise us of the following facts:

On or about May 10, 1929, J. W. Everman executed a deed
of conveyance of his homestead to his daughter, Marie Everman.
This deed was in the form of a general warranty deed except that
it contained the following provision:

"This conveyance shall take effect at the death
of the grantor herein, that is, this conveyance shall
be construed as a conveyance and a deed vesting an
estate in praesenti to commence in futuro upon the
death of the grantor."

This provision appears following the description of the
property conveyed and immediately before the habendum clause.

The deed was properly signed and acknowledged.

On or about May 10, 1929, J. W. Everman delivered the
deed to Marie Everman, who placed it in a safe deposit box held
in the name of J. W. Everman and Marie Everman in a Dallas bank.
The deed was not recorded until after the death of J. W. Everman.
After the date of the conveyance, Marie Everman continued to live
with her father in the homestead until his death. Sarah Duke, a
lifelong friend of Miss Everman, lived with them. During this pe-
riod both Miss Duke and Miss Everman expended considerable sums
of their own money on improving the property and on general upkeep,

although Mr. Everman paid the taxes. Miss Everman, her sister Mrs. Saville, and Miss Duke have stated that after delivery of the deed Mr. Everman told everyone that the house belonged to his daughter Marie Everman.

The attorneys for the Everman estate contend that no inheritance taxes are due on the property so conveyed, basing this contention on several propositions, the first being that the instrument dated May 10, 1929, should be construed as a deed of conveyance and not as a will. With this contention we agree, and consider that the instrument is so clearly operative as a deed of conveyance that we will not discuss this aspect of the problem in detail. For a discussion of the features which distinguish a valid conveyance of an estate of freehold or inheritance to commence in futuro from a testamentary instrument, see 14 Tex. Jur. pp. 755-759, p. 939, and particularly Turner v. Montgomery, Tex. Comm. App. 293 S.W. 817; North v. North, 2 S.W. 2d 482; Texas Pac. Coal and Oil Co. v. Bruce, 233 S.W. 535.

The second proposition is, in effect, that since the instrument is operative as a deed, in view of its nature and the facts of the case no inheritance tax is due the State of Texas under Article 7117, V.C.S.

The relevant provisions of Article 7117, V.C.S., are as follows:

> "All property within the jurisdiction of this State, real or personal, . . . and any interest therein, . . . which shall pass absolutely or in trust by will or by the laws of descent and distribution. . . or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing . . . be subject to a tax . . ." (Emphasis added)

The tax levied by the provisions of the above Article is a "special tax," Lewis v. O'Hair, 130 S.W. 2d 379, imposed upon the right to receive property or the right of succession as distinguished from the right of transfer. State v. Hogg, 123 Tex. 568, 70 S.W. 2d 699, 72 S.W. 2d 593.

If a tax is due in the instant case, it is by virtue of the phrase (underscored in the above quotation) which taxes the transfer of property "by deed . . . made or intended to take effect in possession or enjoyment after the death of the grantor or donor. . ."

The attorneys for the Everman Estate argue that "after delivery of the deed of conveyance by Mr. Everman to Marie Everman,

. . . Marie was not only vested with the fee simple title and ownership of the property, but she also had and continued to have, complete and physical possession of the property, with the full acquiescence of her father, from May 10, 1929, until her father's death . . .; and that an inheritance tax is not due the State of Texas on said property, as nothing passed to Marie after the death of the grantor."

It is therefore necessary to ascertain the extent of the interest conveyed by the deed. As we have previously stated, the deed was in the form of a general warranty deed, and, except for the quoted provision relating to the time the conveyance was to take effect, would have transferred on the date of its execution and delivery a fee simple title and complete ownership of the homestead property to Miss Everman. However, the grantor specifically provided that "this conveyance shall take effect at the death of the grantor."

At common law, "an estate in remainder expectant on the death of the grantor may not be created. Now, by a remedial statute, an estate in land may be created by deed to commence in futuro." 14 Tex. Jur. 883. This statute is carried as Article 1296, V.C.S., and reads as follows:

"An estate or freehold or inheritance may be made to commence in futuro, by deed or conveyance, in like manner as by will."

The authorities are to the effect that, strictly speaking, the "statute. . . has reference to estates in expectancy other than estates in reversion and remainder." Glen v. Holt et al, 229 S.W. 684, 687 and authorities cited therein. By virtue of its provisions "a deed may be so drawn that it conveys the land as from the time of the death of the grantor; and unless an express reservation is made, or an express condition is declared, that the land may be otherwise disposed of by the grantor, the instrument is construed as being operative in praesenti in the sense that it is irrevocable." 14 Tex. Jur. 875. "The estate so created may be vested in the grantee either absolutely or upon a contingency, and the grantor's death may be designated as the time when the estate is to fall into possession. When the time designated by the grantor has arrived and the contingency (if any) has happened, a complete title, in the sense of a right to present enjoyment of the estate, becomes vested in the grantee. Notwithstanding, however, that the enjoyment of full title and possession by the grantee is thus deferred, unless the right to make other disposition of the property has been reserved by the grantor, the grantee is held to have a present vested interest." 14 Tex. Jur. 883.

In the light of these authorities the language employed in the deed could not be freer from ambiguity nor more specific. By its

terms Marie Everman took a presently vested interest in an estate in fee simple which was "to commence in future upon the death of the grantor." We are of the opinion that the legal effect of the interest or estate conveyed by this deed cannot be varied by evidence outside its terms. McCormick and Ray, Texas Law of Evidence, § 739, and authorities cited therein. Therefore the information submitted which bears on what various parties thought had been conveyed cannot be considered; nor does the fact that Miss Everman continued to live with her father and had, in that sense, "possession and enjoyment" of the property affect the extent of her legal interest. Moreover, we do not see that the possession and enjoyment of the property which Miss Everman had after the deed was executed was particularly different from that which she had previously enjoyed as daughter of the house. If an estate in fee simple to commence in future upon the death of the grantor is within the provisions of Article 7117, an inheritance tax is due the State of Texas on this property.

The Texas statute is not limited to gifts "intended to take effect at death" (such statutes apparently only include gifts possessed by the donor at the time of his death, 49 A.L.R. 865), but extends to transfers "made or intended to take effect in possession or enjoyment at or after death." In states having similar provisions the "courts have consistently taken the view that reservation by the transferor of the beneficial interest during his life in property transferred inter vivos operates to render the transfer one intended to take effect in possession or enjoyment at death within the meaning of applicable estate or inheritance tax statutes." 159 A.L.R. 244, and authorities cited therein. The courts have variously phrased but uniformly announced that the "very purpose of a provision in an inheritance tax law imposing a tax on transfers intended to take effect in possession or enjoyment at or after death is to establish a bar to frequent attempts to transmit estates to beneficiaries, unimpaired by the payment of inheritance taxes, by means of trusts or conveyances whereby the grantor reserves the beneficial enjoyment of the property during his life." 49 A.L.R. 901. In most of the cases we have examined the grantor has expressly reserved a life estate, or has created a trust reserving life income to the settlor, or has made an absolute conveyance to the grantee but by separate agreement secured payment from the grantee in an amount proximating the income which might be anticipated to accrue during his lifetime. However, even if there is a technical difference between these cases and the conveyance here used, certain it is that Miss Everman came into complete legal title and the accompanying legal right to possession and enjoyment of the property only at the death of the grantor. It is the privilege of the receipt of such rights at death which the statute specifically makes subject to tax; and the courts will look through devices of the conveyancer where there

is an actual shifting of economic benefit. Saltonstall v. Saltonstall, 276 U.S. 260, 72 L. ed., 565, 48 Sup. Ct. Rep. 225. Moreover, we think that in holding this property taxable we are in line with the interpretation given Article 7117 by the Texas Court of Civil Appeals in Bethea v. Sheppard, 143 S.W. 2d 997, writ refused. In that case the question of taxability turned on whether certain properties embraced within a trust estate were transfers intended to take effect in possession and enjoyment at the death of the settlor. The Court said:

"It is not a question of when the beneficial interest is created, but the tax is imposed upon the right to receive in possession or enjoyment after the death of grantor or settlor. In consequence, a grantor or settlor may create an irrevocable trust during his lifetime, still if he postpones the right of possession or enjoyment of the beneficiary until after grantor's death, the property or any interest therein is subject to the inheritance or succession tax at or after his death. Under our statute, where either 'possession' or 'enjoyment' is made contingent upon the death of grantor or settlor of all or any part of the trust estate, such transfer is taxable..."

We come now to a consideration of the third proposition proposed by the attorneys for the Everman Estate. We quote from the submitted brief:

"The J. W. Everman Estate contends that if Marie Everman, at the time of the delivery of the deed of conveyance executed by J. W. Everman to Marie Everman, was vested with a fee simple title to the property subject to a contingency or life estate in J. W. Everman, as contended by the examiner, then Marie Everman was vested with a much greater interest in the property than J. W. Everman, since Marie Everman heretofore possessed the title and ownership, together with the then enjoyment and possession of the property, and J. W. Everman had only a contingent interest or a life estate, which property had been maintained, repaired and kept improved by Marie Everman and Sara Duke, with the result that the alleged contingent interest or life estate reserved by J. W. Everman amounted to a very small interest in the property.

"Since Marie Everman had by far the greater of the two estates or interests in the property, then

> the tax due the State of Texas by the estate, or by
> the recipient of the property, at J. W. Everman's
> death, could be only that amount assessed against
> the interest reserved by J. W. Everman in the deed
> of conveyance, . . ."

The argument is also made that this measure of taxabil-ity must result in view of the fact that Miss Everman's interest was a vested one prior to the death of the granter since the tax is on the "right to receive as distinguished from the right of transfer." In Reish v. Com., 106 Pa. 521 the decedent had exe-cuted a deed of all his property to his brother who gave a bond conditioned on paying the income from such property to the grantor for life. A tax was imposed on the full value of the prop-erty, and it was contended that this was error since the decedent was not seised and possessed of the property covered by the deed within the meaning of the applicable act, which contained a provi-sion covering transfers intended to take effect at death that was, in effect, the exact provision found in Article 7117. The Court said:

> "The vice of the argument. . . is in assuming
> that in order to charge an estate, transferred by
> deed, with an inheritance tax, the grantor must, at
> the time of his death, have some title or estate re-
> maining, and that such title or estate only as the
> grantor actually owns, at death, is subject to the
> tax. A very labored and ingenious argument is
> made to show that /decedent/ did not die seised
> or possessed of any estate, excepting the bond and
> the right it secured; that these only should have
> been appraised. . . The letter as well as the spirit
> and meaning of the act, however, is clear. When an
> estate is transferred by deed. . . intended, however,
> to take effect in enjoyment at the death of the grantor,
> it is the value of the lands so transferred which is
> liable to the duty, not the value of the interest or
> part remaining."

We are in accord with the views as above expressed and held that in computing the inheritance taxes due the State this es-tate in fee simple, which came into possession and enjoyment at Mr. Everman's death, should be valued as an estate in fee simple. We do not mean to say that the amounts expended by Miss Duke and Miss Everman have no bearing on the amount of the tax which will ultimately be paid. This question was not specifically presented, and we therefore have not considered it.

## SUMMARY

Where deed conveyed an estate in fee simple to take effect in futuro upon the death of the grantor, said estate is subject to inheritance tax under Article 7117, V.C.S., as property passing by deed to take effect in possession or enjoyment after the death of the grantor; and the value of the interest received is the value of the estate in fee simple rather than the value of the grantor's retained interest.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Marietta Creel*

Mrs. Marietta Creel
Assistant

MC/JCP

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL