## Zug Estate

*Louis Weisman*, for appellant.

*Mark R. Eaby, Jr.*, for Commonwealth.

BOWMAN, P. J. March 20, 1959. — Elizabethtown College has appealed from the transfer inheritance tax appraisement filed by the Commonwealth on April 8, 1958, in the estate of John C. Zug, who died September 7, 1956, at the age of 90 years. Involved is the question of the taxability of decedent's interest in an "Annuity Bond" of $20,000 issued by the college on February 21, 1945, and in two "Living Income Gift Contracts" issued by the college on March 16, 1953, and July 2, 1956, in the amounts of $10,000 and $3,000, respectively. The consideration for the bond and the two contracts was the transfer by Mr. Zug to the college of either cash, securities or his own obligations.

Each of the three documents issued by the college and here involved was signed by its president and secretary.

The pertinent provisions of the bond of February 21, 1945, are as follows:

"WHEREAS, John C. Zug and Kate N. Zug of Palmyra, Lebanon County, State of Pennsylvania, have

on this twenty-first day of February, A. D. 1945, given to Elizabethtown College, Elizabethtown, Pennsylvania, the following described property: Judgment note in the amount of $20,000.00 payable to Elizabethtown College . . . now in consideration of the transfer and delivery of aforesaid property, and in pursuance of a resolution passed on February 21, 1919, at a meeting of the Board of Trustees of said corporation with reference to various forms of donations, said corporation hereby agrees to pay to the said John C. and Kate N. Zug annually during their lifetime, the sum of twelve hundred dollars each and every year, payable semi-annually on the first day of October and on the first day of April, in sums of six hundred dollars each payment, save the first payment of $130.00, which is the annuity earned from the date of this annuity bond till the first day of April, A.D. 1945.

"And at the death of said John C. Zug and Kate N. Zug said annual payments shall cease, and the aforesaid described property shall remain the absolute property of said corporation. To be used by the Trustees in connection with the Samuel R. Zug Memorial Fund. . . ."

The "Living Income Gift Contract" of March 16, 1953, provides as follows:

"WHEREAS, John C. Zug of Neffsville, Lancaster County, State of Pennsylvania has on this sixteenth day of March, A. D. 1953, given to Elizabethtown College, Elizabethtown, Pennsylvania, the following described property: Cash and a 6% interest bearing note amounting to a total of $10,000.00, the note to be amortized on a short-term basis, as funds become available, within a year from the date of this contract . . . now in consideration of the transfer and delivery of aforesaid property, and in pursuance of a resolution passed on May 22, 1944, at a meeting of the Board of

Trustees of said corporation with reference to various forms of donations, said corporation hereby agrees to pay to the said John C. Zug annually during his lifetime, the sum of six hundred dollars each and every year, payable semi-annually on the first day of October and on the first day of April, in the sums of three hundred dollars each payment, save the first payment of twenty-five dollars, which is the income earned from the date of this Living Income Gift Contract till the first day of April, A. D. 1953.

"And at death of said John C. Zug said annual payments shall cease, and the aforeaid described property shall remain the absolute property of said corporation. This gift is given with the understanding that it will be applied against the indebtedness of the Elizabethtown College Library. In consideration of this gift and previous gifts by this donor, the library shall be named THE ZUG MEMORIAL LIBRARY."

The Income Gift Contract of July 2, 1956, is similar in form to that of March 16, 1953. The amount transferred to the college by Mr. Zug was $3,000 and there was to be paid to him each year during his lifetime by the college the sum of $180. This instrument concluded with the phrase: "This gift is given with the understanding that it will be applied against the indebtedness on the Elizabethtown College library. In consideration of this gift and previous gifts by the donor, the library has been named THE ZUG MEMORIAL LIBRARY."

The Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended, 72 PS §2301, provides in article I, sec. 1: ". . . a tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations in the following cases: . . .

"(c) When the transfer is of property made by a resident, . . . by deed, grant, bargain, sale, or gift, made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death."

It is conceded by the Commonwealth that none of the three transfers here in question was made in contemplation of death. The testimony supports a finding to that effect and we do so find.

It is the position of appellant that Krause's Estate, 325 Pa. 479, controls, that in each document there is a recital that the transferor "has given" to Elizabethtown College the amount specified, that upon the death of John C. Zug, and Katie N. Zug * with respect to the transfer of $20,000, "said annual payments shall cease" and the described property "shall remain the absolute property of" the college. It is contended also that the transfers are not taxable because: (1) Decedent reserved no right to control the investment of the money transferred or its disposition or to receive income from it; (2) that the college agreed to pay decedent six percent interest regardless of what the money transferred actually returned; (3) that nothing was transferred at the donor's death, because after making the gift in his lifetime, he no longer had any interest in the property, and (4) that the college was in the position of a debtor, and the donor, decedent, was in the position of a creditor to the extent that he was to receive six percent annually from the college.

It is argued by the Commonwealth, however, that the instant case is differentiable from Krause's Estate, supra, and in support thereof refers to the following excerpt from the opinion, page 481: "Looking at this document we see that the donor 'has given' the fund to the donee that 'the said sum donated is to be consid-

---

* She was the wife of John C. Zug and predeceased him.

ered as an executed gift' to the college *and 'belongs to'* *the college 'from this date without any account or lia-* *bility therefor.'* " (Italics supplied.) And further: "There was no restriction on what the college could do with the money. It could do with it as it pleased."

Why should the fact that the motive of the donor for his giving as disclosed in the writings and that the college agreed to use the gift for the particular purpose expressed by the donor make the transfers one "intended to take effect in possession or enjoyment at or after . . . death"? Possession of the fund by the college was complete before Mr. Zug died. So was the enjoyment. There were no restrictions how or in what the funds were to be invested. Mr. Zug in his lifetime was not entitled to the income earned by the funds transferred to the college. What passed to the college at Mr. Zug's death? Certainly not the funds referred to in the three writings, for they state that Mr. Zug had "given" them to the college and at his death the property should "remain" the absolute property of the college. The funds did not *become* the property of the college at or upon Mr. Zug's death; they belonged to it before he died. What then is sought to be taxed? Is it the motive of the donor or the promise expressed by the college to name its library "The Zug Memorial Library"?

We think it is clear that Krause's Estate, supra, was decided on the general principle stated in Reish v. Commonwealth of Pennsylvania, 106 Pa. 521, which is therein stated at page 482, as follows: " 'One certainly cannot be considered, as in the actual enjoyment of an estate, who has no right to the profits or incomes arising or accruing therefrom . . . the whole matter depends upon the single fact, whether or not the transfer was made or intended to take effect, in enjoyment at the death of the grantor . . . [to be free from tax]

it must be such a conveyance as parts with possession, the title, and the enjoyment in the grantor's lifetime.' " We are of the opinion that the three named conditions are here present.

Pertinent is what was said in Barber's Estate, 304 Pa. 235, 240: ". . . it is not the function of a judicial tribunal 'to impose taxation, which is a species of confiscating by a strained construction of doubtful legislation' . . . As the Commonwealth is seeking to impose a tax on the property, the burden is on it to show that it clearly came within the tax statute. If there is doubt or uncertainty as to the imposition of the tax, that doubt or uncertainty should be resolved in favor of the taxable. The burden is on the Commonwealth to show, first, that the agreements contemplated the payment of income or profits as distinguished from the fixed charge that had no relation to the principal, and, second, that the actual receipt of the income at . . . death was what was intended to be covered by the statute by the words 'take effect in enjoyment after death.' " In commenting upon that case it is stated in Krause's Estate, supra, at page 483: "The clear implication from this opinion is that if the sums to be paid were an annuity, the fund would not be subject to tax."

At the hearing there was testimony that when the funds were received from Mr. Zug, they were placed in the General Endowment Fund of the college, made a part of that fund and invested, that this was the practice with respect to all annuity bonds and living income gift contracts, that upon the death of a donor, as in the case of Mr. Zug's gifts, an amount equivalent to the consideration for the annuity bond or gift contract was then transferred, or as testified by an official of the college, "released", from the Endowment Fund and applied to the particular purpose expressed or desired by a donor. This practice the Commonwealth

contends shows "the college did not consider that the funds belonged to them until the death of the decedent, other than for investment purposes." We do not agree with that conclusion and it is not supported by the evidence. The practice was for the convenience of the college, not for Mr. Zug; it was neither required nor dictated by him. He was concerned only with receiving an annuity of $1,980, payable semi-annually. That obligation was of the college generally and if the fund yielded no income, the obligation of the college to pay the amount nonetheless remained.

We are of the opinion that the three writings before us provided that the sums therein directed to be paid were an annuity and as such not subject to tax.

And now, March 20, 1959, the appeal is sustained and that part of the resident transfer inheritance tax appraisement filed in this estate on April 8, 1958, set forth under schedule "C" thereof, which appraises the annuity bond and the two living income gift contracts of Elizabethtown College in the aggregate amount of $33,000, the subject of this appeal, and the inclusion thereof in the gross taxable estate are set aside and stricken from said appraisement.