In re CRUGER.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

TRANSFER TAX—TRUST ESTATE—REMAINDERS.

Under Laws 1892, c. 399, § 1, subd. 3, providing that, when a transfer of property is intended to take effect in possession or enjoyment at or after the transferror's death, a tax shall be imposed on the transfer, where deceased transferred property to trustees, the deed declaring that the fund on his death should be paid to his daughter, or if she be dead, without issue, or having by will appointed any one to take the fund, then to her next of kin, and the daughter died before deceased, leaving no issue, nor having exercised her power of appointment, the transfer to the next of kin was taxable, since, though the remainders vested in the next of kin on the death of the daughter, they were not intended to take effect "in possession or enjoyment" until the death of deceased.

Appeal from surrogate's court, New York county.

In the matter of the estate of Eugene G. Cruger. Appeal from an order of the surrogate's court entered on a decision reversing an order which confirmed the report of the appraiser, adjudging a trust estate established by deceased liable to taxation under Laws 1892, c. 399, § 1, subd. 3. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Edmund F. Harding, for appellant.
J. Langdon Ward, for respondent.

HATCH, J.  By an instrument in writing dated September 13, 1892, acknowledged October 20, 1892, and executed and acknowledged by his wife, Meta K. Cruger, October 25, 1892, Eugene G. Cruger assigned and transferred to two trustees certain personal property, of the nominal value of $35,000, in trust (1) to keep the principal invested as directed, and collect the income, and, after deducting taxes and expenses, during his life to pay to his daughter Angele, her executors and administrators, the sum of $1,200 annually, in equal monthly payments, and any balance of said income to him, the said Cruger; (2) at his death to pay over the trust fund and any accumulated income to Angele Cruger, if living, or, if she be dead, then to her issue, or, in default of issue, then to such persons as Angele Cruger should by will appoint, or, in default of such appointment, then to such persons as would be entitled to the same under the laws of New York had Angele Cruger died intestate and in possession of the property (except her mother, Meta K. Cruger, who by the terms of said instrument released her claim thereto. Angele Cruger died September 2, 1896, intestate, unmarried, without issue, and without having executed her power of appointment under said trust instrument.  Eugene G. Cruger, who created the trust, died April 14, 1898, leaving, him surviving, his three children, Bertram de N. Cruger, Violet D. Cruger, and Frederick H. Cruger, half brothers and sister of Angele Cruger, and her only next of kin (except her mother, who was excluded from the succession), and as such entitled to the corpus of the trust estate.  After the death of Eugene G. Cruger, and before any distribution had been made, S. V. R. Cruger, one of the trustees, died, and thereafter the surviving trustee filed his petition to have it determined whether the trust fund was liable to the transfer tax.  An appraiser was appointed, who reported that the fund was subject to the tax.  An appeal was taken to the surrogate, by whom the determination was reversed, and an order entered that the fund is not liable to the tax, and from this order the present appeal is taken.

By the terms of the trust deed, and immediately upon its execution and delivery, the legal title to the property irrevocably passed from the grantor therein to the trustees; and, except as to a possible surplus of income, no beneficial interest remained in the grantor therein.  The statute in force at the time of the execution and delivery of the deed (Laws 1892, c. 399, § 1, subd. 3) provides, "When the transfer is of property   *   *   *   by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death," a tax shall be imposed.  The present case seems to fall squarely within the terms of the statute.  Angele Cruger took a vested remainder, subject to be defeated by her death before Eugene Cruger, the founder of the trust.  The next of kin took a contingent remainder, dependent upon her death within the lifetime of her father, unmarried, without issue, and without having exercised the power of appointment given her by the trust instrument.  These events happened, and the contingent remainder in favor of the half brothers and sister became a vested remainder, in equal shares, sub-

ject to be defeated as to each by his or her death before Eugene Cruger. If there were no authority, we should think that the plain reading of the statute brought this case within its terms, and made the estate subject to the tax. Such, also, seems to have been the view entertained by the court of appeals. In re Green's Estate, 153 N. Y. 223, 47 N. E. 292. It was there held that the real question was not whether the remainders vested at the time of the creation of the trust, as is the present claim of the respondent, but whether the remainders were intended to "take effect in possession or enjoyment" at or after the death of the donor. In the present case, as in that case, although the remainders must be held to have vested, yet the remainder-man could not have had actual possession and enjoyment, or right of possession, until after the death of the founder of the trust, which did not occur until April, 1898.

It follows that the order of the surrogate should be reversed, and the report of the appraiser confirmed, with costs to the appellant. All concur.