defendant on the contract, that allegation unexplained might include the question whether, even conceding the validity of the contract, defendant had been paid and had received everything to which he was entitled under it. I do not think this suggestion is tenable, because the material matter alleged was the legality of the contract itself. But, if it be tenable, then it was fully met when it appeared by the uncontradicted evidence on the trial that defendant had been paid nothing on the contract; and, if valid, the corporation still owed the amount it had thereby agreed to pay. This fact having been made to appear, the defendant disposed of all claim that his statement before the examiner might be considered as false for the reason suggested, and his motion made at the close of the evidence that the court direct an acquittal should have been granted.

The record also contains exceptions to the admission and rejection of evidence and to the charge of the court, which it is believed present reversible error; but, because the present disposition of this appeal necessarily follows from the views above indicated, it is unnecessary to refer to them further.

The judgment, the order denying new trial, and the order overruling and denying defendant's demurrers should be reversed, the demurrers to the indictment allowed, and the indictment dismissed. All concur, McLENNAN, P. J., concurring only as to the reversal of the judgment and order denying motion for new trial, because of errors committed upon the trial, being of the opinion that the indictment alleges a crime, and that the demurrers were properly overruled.

---

In re PATTERSON'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department. July 11, 1911.)

1. TAXATION (§ 859*)—TRANSFER TAX—VALIDITY.

The transfer tax law (Consol. Laws 1909, c. 60) is not unconstitutional, though its operation is to impose a higher tax upon transfers to some persons than upon those to others.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1674; Dec. Dig. § 859.*]

2. TAXATION (§ 866*)—TRANSFER TAX—TRANSFERS TAXABLE—TRUST ESTATES.

A trust deed recited the grantor's desire to convey her property to trustees to collect the income and apply it in part for her own benefit during life, and distribute the remainder to certain beneficiaries, upon her death, and provided as to the shares of each of such beneficiaries that they should go to him "absolutely," but, if he did not survive grantor, they should go to the persons who at the grantor's death would be entitled to take his personalty under the intestate laws, and, if any beneficiary entitled to a share died before distribution, it should go to such beneficiary's next of kin. The deed also provided that, if the distribution of any shares should by operation of law or otherwise lapse or become inoperative or void, they should be transferred to the legal representatives of the grantor's estate. The trustees' duties were to collect the income and pay to the grantor therefrom $1,000 a month for life, any excess to be divided annually among the beneficiaries, but, if the income was insufficient to pay such sum monthly, the deficiency should be paid from the principal. *Held*, that the beneficiaries had no absolute right to their

share of the trust fund unless they survived grantor, so that the transfer of the corpus of the trust estate to them was intended to take effect after grantor's death, and was taxable under Transfer Tax Law (Consol. Laws 1909, c. 60) § 220.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 866.*]

Appeal from Surrogate's Court, Chautauqua County.

In the Matter of the Transfer Tax upon the Estate of Susan S. Patterson, deceased. From an order of the Surrogate's Court (127 N. Y. Supp. 284) affirming an order of assessment of a transfer tax, and from an order appraising the values of the transfers and an order fixing the tax, Henry C. Patterson and others appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William L. Marcy (Wm. T. Plumb and Helen Z. M. Rogers, of counsel), for appellants.

William Law Stout, for respondent.

ROBSON, J. Susan S. Patterson, a resident of Westfield, N. Y., on May 22, 1903, executed an instrument in the nature of a deed of trust, by which she transferred to three trustees therein named all of her property except her real estate in the town of Westfield, her household furniture and chattels in her home, carriages, harnesses, and live stock on said real property, and also her wearing apparel and jewels. Contemporaneously she made her will disposing of her residuary estate practically in the same shares to the same people, who were beneficiaries under the trust deed, and naming as executors the same persons who were made trustees under the trust deed. The inducement clause of the trust deed is as follows:

"Whereas the party of the first part is possessed of divers properties, which she desires to transfer, assign and convey to the trustees for the purpose of taking possession thereof and title thereto, collecting the income therefrom, and applying such income in part to the use and benefit of the party of the first part during her life and any residue of the income to be distributed to certain beneficiaries and upon the decease of party of the first part the entire estate to be distributed to certain beneficiaries."

The transfer is then made in trust for the uses thereinafter expressed, to wit, to take possession and collect the income thereof and apply the same by paying to the grantor from the net income, if sufficient for that purpose, $1,000 each month during her life, and any surplus net income to be divided annually amongst the beneficiaries thereafter in the deed named in the same proportion that the principal of such trust estate is directed to be apportioned and divided as thereinafter provided. The trustees are then required, in the event the income in any year shall be insufficient to pay the monthly $1,000, to take and use part of the principal of the fund to make up the deficiency and pay the same to her. The trustees are further directed to take and apply from the income, if sufficient for that purpose, and, if not, then from the principal thereof, sufficient to pay for a memorial receiving vault and such additional

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sum as may be necessary to lay out and embellish the grounds surrounding. Then follows a direction to the trustees upon the death of the grantor to convert all the assets of the trust estate into money and out of the proceeds to pay $1 to George Sutherland, "and to divide the rest, residue and remainder thereof into 880 equal shares and distribute and pay over said shares to the following persons to wit." Then follows the designation of persons who are to receive the same, with the number of shares each is to have.

The surrogate has held that the transfer of the corpus of this estate passing by the trust deed was taxable, because it was intended by its terms to take effect in possession and enjoyment upon her death. Appellants assail the tax imposed and claim the same to be unlawful upon two grounds: First. Because the statute under which the tax was imposed is unconstitutional and void. Second. That the possession, enjoyment and right to the trust fund in excess of such part thereof as was necessary to provide the monthly payment to the grantor passed to the beneficiaries designated in the deed upon the execution thereof, and therefore the transfer of that portion of the fund was not subject to tax.

[1] That such a tax is not unconstitutional so far as the right and power of the state to fix some tax upon such transfers has been decided by the Court of Appeals in the Matter of Keeney, 194 N. Y. 284, 87 N. E. 428. It is true that the court did not then pass upon the effect of the statute in a case where the transfers to different individuals were under the law taxed at a higher rate than like transfers to others. But the court in its opinion seem to indicate that discrimination to that extent, if it be discrimination, would not invalidate the statute.

[2] If the transfers of the corpus of the estate to the beneficiaries named in the trust deed were, as the statute expresses it, "intended to take effect in possession or enjoyment at or after the death" (Transfer Tax Law [Consol. Laws 1909, c. 60] § 220) of the grantor, then they were liable to the tax imposed. It is admitted by appellants that, if the statute is constitutional, so much of the corpus of the estate as was necessary to produce an income sufficient to make the monthly payments of $1,000 to the grantor is subject to tax. It seems to have been determined that a fund of $220,000 would have been sufficient for that purpose. The appraiser so finds as his report states. I have not discovered in the record any evidence or stipulation upon which this finding is based. But the surrogate in his opinion states that such stipulation was made. It seems to me that the remainder of the fund was also liable to the tax. If it was intended that the transfer should become effective in possession or enjoyment at grantor's death, then necessarily it was subject to tax. It may be observed that there are a number of provisions in the trust deed pointing to that intention on the part of the grantor. For instance, if the net income of the fund proved insufficient to provide for her monthly payments, the principal of the fund must be resorted to, to make up the deficiency. The trustees were to render annual accounts, and the audit and approval thereof by the grantor was to be binding and conclusive

upon all other parties beneficially interested. The grantor had a voice in naming any substitute for, or successor of, a trustee (a privilege not reserved to any other cestui que trust), and an annual meeting of the trustees at the home town of the grantor at which their accounts were to be made and stated is provided for. But beyond this it seems to me clear that by the terms of the deed itself possession and enjoyment of the corpus of the trust fund was not to be effective until the death of the grantor. The trustees were, as has been pointed out above, upon the death of the grantor, to convert the trust estate into money, divide it into a designated number of shares, and distribute and pay over said shares to designated beneficiaries. The provisions designating such beneficiaries are, so far as material to the present investigation, similar in their effect; and, if the transfer to one beneficiary is subject to tax, they all are. The designation of beneficiaries, following the provision that the trustees on the death of the grantor "distribute and pay over said shares to the following persons, to wit," proceeds as follows:

"A. To Peter Patterson of Woodstock, Ontario, Canada, brother of said first party twenty eight (28) of such shares to be his absolutely. If said Peter Patterson shall not survive said first party [the grantor], said twenty eight shares shall go to and become the property of the persons who at the time of his death under the statutes of the state of New York providing for the distribution of intestate's personal property would be entitled to take his personal estate. If, however, any of such parties entitled to take such distributive share may have deceased before such distribution the share to which said person would have been entitled if living shall become the property in equal shares of his or her next of kin under the laws of the state of New York, then living."

It is plainly apparent that Peter Patterson had no absolute right to the share of the fund referred to in this item unless and until it was determined that he survived the grantor. Until then, though he may have had a vested interest in that portion of the fund as a beneficiary, his interest therein was subject to the contingency of being defeated by his death prior to the grantor's death. His right to the possession and enjoyment of the fund could in no event become fixed until that contingency was determined. It was dependent upon his being alive at the death of the grantor. If he did not survive her, the share went to others. He could not during her life dispose of it except subject to that contingency. In this case the persons entitled to the possession or enjoyment of the corpus of the fund could not be ascertained until the death of the grantor when the right immediately became fixed. The transfer to the beneficiary taking effect in possession or enjoyment only on the death of the grantor, it was therefore under the statute subject to tax. That this was the intention of the grantor as to the time possession and enjoyment should be effective is still further strengthened by a subsequent provision of the trust deed as follows:

"Twelfth. If the distribution of any of the shares of property provided for by the terms of this instrument shall by operation of law or otherwise lapse, become inoperative or void it is expressly provided by the party of the first part that any and all such shares and all property distributable

thereunder shall be transferred by said The Trustees to the legal representatives of the estate of the party of the first part and become a part of her estate."

Contingencies might arise before her death, as the grantor foresaw, by which the attempted disposition of the fund to the beneficiaries named in the deed might fail in whole or in part. She therefore provided that such provisions as should lapse, or become inoperative, should be returned to her estate.

Appellant relies largely upon two cases: Matter of Masury, 28 App. Div. 580, 51 N. Y. Supp. 331, affirmed 159 N. Y. 532, 53 N. E. 1127, and People v. Kelley, 218 Ill. 509, 75 N. E. 1038. Neither of these cases seems to me to be in point. In the Masury Case the trusts which were held not subject to transfer tax were the absolute property of the cestui que trustent, subject only to the trust; and one point decided was that a reservation to the grantor of a power of revocation of the trust did not show an intention to make the possession or enjoyment of the fund effective only on the death of the grantor. Woodward, J., says (page 583 of 28 App. Div., page 333 of 51 N. Y. Supp.):

"It is necessary to bring this property within the scope of the law * * * that it was 'intended to take effect in possession or enjoyment at or after such death.' The property need not have been in the possession of the appellants. If they were in the enjoyment of the property, or the income from the property, prior to the death of the grantor, and if their relations to the property were not changed by the fact of such death, then the order of the Surrogate's Court confirming the appraisal should be set aside."

He then demonstrates that the relations of the beneficiaries to the property included in certain of the trusts were not changed by the fact of the grantor's death, and were therefore not liable to tax. But, as we have already pointed out, the relations of the beneficiaries to the fund were in the case before us changed and fixed by the death of the grantor. I think the Illinois case is distinguishable for a like reason.

Orders affirmed, with costs. All concur.