## Dohan, Appellant, *v.* Yearicks.

*Equity—Bill to set aside conveyance—Consideration—Fraud—Insufficient evidence.*

1. A bill in equity to set aside a conveyance by plaintiff's decedent to the defendant on the ground of fraud and lack of consideration was properly dismissed where the chancellor found that decedent at the time of the transfer was an aged woman but of sound mental faculties, that the conveyance was voluntary and made in consideration of care and attention by the decedent of the plaintiff for a number of years and in further consideration of defendant's promise to support and maintain decedent for the rest of her life, which was duly performed, and the evidence disclosed no actual fraud or deceit practiced by the defendant to secure the transfer.

2. In such case the fact that the consideration expressed in the deed was the sum of one dollar, which in fact was not paid, was immaterial.

Argued March 22, 1916.   Appeal, No. 9, Jan. T., 1916, by Joseph M. Dohan, Executor of the will of Sarah J. McCormick, deceased, from decree of C. P. No. 4, Philadelphia Co., March T., 1914, No. 5325, in equity, dismiss-

ing bill in equity for reconveyance and accounting in case of Joseph M. Dohan, Executor of the will of Sarah J. McCormick, Deceased, v. Edith L. Yearicks and The Philadelphia Trust, Safe Deposit and Insurance Company. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for reconveyance and for an accounting. Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiff appealed.

*Error assigned* was in dismissing bill.

*Joseph M. Dohan,* with him *Maskell Ewing, Jr.,* for appellant.

*Henry Spalding,* of *Fell & Spalding,* for appellee.

PER CURIAM, April 17, 1916:

The decree is affirmed on the following findings of the learned court below: "In the case at bar, the plaintiff, an aged woman of sound mental faculties, transferred her entire estate to the defendant, who was not related to her by blood, but on whom she relied for care and attention to her bodily needs, and to whom, in a great measure, she confided the management of her business affairs. Although based in a large degree upon esteem and gratitude for past services, this transfer was not a gift, but was made in consideration of the defendant's promise to support and maintain the plaintiff for the rest of her life. This was the real consideration for the transfer, although the deed for the real estate involved in the transaction mentioned as its consideration the sum of one dollar and other moneys. The expression of a nominal consideration in a deed is resorted to by conveyancers to avoid the inconvenience of setting forth the real consideration when that is difficult to set forth briefly, or of a private

nature, and to comply with a usage that arose because a deed of bargain and sale, under the statute of uses, originally operated merely to create a resulting trust for the grantor, unless supported by a valuable consideration, which, it was formerly held, must be a pecuniary one. It is well known that the nominal consideration of one dollar is regarded by all as having served its purpose by its mere mention in the instrument and that it almost never changes hands, although, as in this case, solemnly receipted for. The·defendant's promise to support and maintain the plaintiff was duly performed. There was, therefore, no failure of consideration to warrant a rescission of the transfer of the latter's property to the former. Nor is ground for such action to be found in the petulant remarks made by the defendant to third persons which, except for her mental and nervous condition at the time they were uttered, might be regarded as indicating ingratitude and ill-will toward her benefactress. The evidence disclosed no actual fraud or deceit practiced by the defendant to secure the transfer to her of the plaintiff's estate. Under the circumstances, the transfer of her property by the plaintiff to the defendant, even though it stripped her of everything save her clothing and a few articles of furniture, was not a shocking, suspicious or unconscionable transaction, but one that was natural and not unreasonable. The transaction between the plaintiff and the defendant was proved beyond doubt to have been absolutely voluntary on the part of the plaintiff, to have been thoroughly understood by her, and to have been carried out only after she had had the benefit of independent and competent advice upon the subject. The plaintiff had no right to rescind or set aside the transfer of her property to the defendant, or to have the deed and other instruments employed to effect that transfer cancelled or annulled. The bill should be dismissed and the costs should be paid from the effects of the plaintiff in the hands of her executor."

Decree affirmed.