## Cooper's Estate.

Argued January 6, 1936.   Before KEPHART, C. J., SCHAFFER, DREW, LINN and BARNES, JJ.

*E. Spencer Miller,* for appellant.

*Will M. Boenning,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, and *E. Russell Shockley,* Deputy Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, January 31, 1936:

Where a trust is created in which the settlor reserves a life interest in the income, such interest is subject to the tax imposed by the Act of June 20, 1919, P. L. 521: Dean's Est., 279 Pa. 582; Leffman's Est., 312 Pa. 236.

Appellant, trustee, claimed decedent's interest as a gift through a release of the income from the settlor. She had therefore the burden of proof: Smith's Est., 237 Pa. 115; Sullivan v. Hess, 241 Pa. 407.

In 1924 Harriet Cooper sold a property and took a purchase-money mortgage for $45,000. She assigned this mortgage to Grace Corliss, under an agreement wherein Grace Corliss was to pay the income on this mortgage to Harriet Cooper for life. In 1931 Harriet Cooper died and the value of this mortgage was appraised as part of her estate so as to subject it to the tax above mentioned. Grace Corliss resisted the assessment and appealed from the appraisement, claiming that the life interest in the income was surrendered to her by Mrs. Cooper in 1930. The court below approved the appraisement.

The Commonwealth, in making out its prima facie case, offered the appraisement in evidence. To this appraisement two affidavits were attached. They were prepared by appellant and her attorney a year or two before the present proceeding as an aid to the inheritance tax appraisers. These affidavits contained statements that decedent had released her interest in the trust in the spring of 1930. Appellant now argues that the Commonwealth, having placed these affidavits in evidence without qualification, is irrevocably bound by the statement that decedent's interest in the trust was released. We held in Heyman v. Hanauer, 302 Pa. 56, 62, that the party who presents in evidence written documents of another party to a dispute, must present the writing in its entirety but that he may thereafter disprove allegations contained therein adverse to his interests. See also Yearsly's App., 48 Pa. 531. The affidavits were not pleadings or part of them. No issue was made therefrom and the cases cited by appellant are therefore not applicable.

The issue depended on the evidence and it supported the court's conclusion that no release of decedent's interest in the trust had taken place. This finding, having

been approved by the court in banc is, by our settled rule, binding upon us: Foley v. Barnet, 303 Pa. 218; Belmont Lab. v. Heist, 300 Pa. 542, 546.

Decree affirmed at appellant's cost.