## Wilson's Estate

*Joseph A. Rainville, Jr.,* for appellant.

*R. Paul Lessy,* for Commonwealth.

McDONOUGH, P. J., August 13, 1940.—This is an appeal from the assessment of inheritance tax. As to all the other elements in the disposition of this estate, the inheritance tax has been settled and adjudication made.

This appeal deals with the assessment of tax against a house once owned by decedent. It is the contention of

appellant that the house is not taxable. It is the contention of the Commonwealth that, less proper deductions, the house is taxable. The situation, while common among people so circumstanced, is unique in some of its features.

Edgar H. Wilson and Elizabeth L., his wife, were the owners of a house in Lansdowne. Ralph S. Pusey and Mae E. Pusey were residents of Lansdowne in a home of their own, Mae E. Pusey being a nurse skilled in the care of the ill.

On December 1, 1938, there was an agreement in writing made between these parties with respect to this house. The material part of the agreement was the undertaking on the part of Edgar H. Wilson and wife to convey the premises to Joseph A. Rainville, Jr., in trust for certain purposes. Wilson and wife agreed to maintain and repair the outside of the property and pay the taxes thereon. They further agreed to pay for all medical service, medicine, and equipment necessary for their own care, together with additional nursing service when necessary, and to pay all funeral expenses. Wilson and wife further agreed to deliver title or possession to Mae E. Pusey of all household goods and effects therein, and to do it forthwith.

Pusey and wife agreed during the lives of Wilson and wife and survivor of them, to live in said property, furnish heat, light, and water for the premises, and make all necessary repairs to the inside of the building. Pusey and wife further agreed to maintain at all times a clean and comfortable home and wholesome table for the parties of the first part during their lives and the survivor of them; and that Mae E. Pusey would nurse and care for either or both of the parties of the first part when necessary for a period not in excess of 12 hours per day, and pay for nursing services in substitution of the care by Mae E. Pusey of the parties of the first part any time she was away or unable to perform the service herself.

The agreement further provided that the trustee, Joseph A. Rainville, Jr., upon the death of the parties of the

first part should convey the property to Ralph S. Pusey and Mae E., his wife.

A very material provision of the agreement authorized the trustee in his sole discretion to sell any property in the trust estate upon such terms as he deemed best, and to lease, mortgage, pledge, or otherwise encumber said property or any part thereof, and deal with it "in all other ways and with such consideration as would be lawful for any person owning the same to deal with the same."

After this agreement was made, the grantees moved into the home of the grantors and took up their residence there and performed their obligations to the grantors, as did the grantors perform their obligations to the grantees.

It is the contention of appellant that, inasmuch as the house in question was given to them for a consideration which they fully performed, the same was not taxable.

I am referred to Kaminsky's Estate, 98 Pa. Superior Ct. 340, as supporting this proposition. Kaminsky had a $3,000 savings fund deposit. On January 5, 1928, while he was in life this deposit was assigned to one Reskovacs. Four days afterwards decedent (Kaminsky) died of chronic myocarditis. The contest was between the administrator and next of kin. The question of inheritance tax was not involved. It appears in the opinion of the Superior Court (p. 345):

". . . not only was the contract in force, but the evidence shows without contradiction that the contract was discharged by performance; there remained only the duty of the bank to pay, with which neither the assignor nor his next of kin had anything more to do."

The touchstone of this case as determining the rights of the distributees was that decedent had made a contract, the speculative element of which was the length of the life of the assignor. The contract which he had made was legal and offended no legal principle interdicting the same.

I am also referred to Dohan v. Yearicks, 253 Pa. 403. In her lifetime Sarah J. McCormick conveyed certain

property to another who was not related to her by blood but on whom she relied for care and attention for her bodily needs. This conveyance was made, executed, and recorded in the lifetime of decedent, and for that period the grantee performed the consideration which the parties had competently arrived at. Again, the question of inheritance tax was not involved, but it will be observed that the conveyance was consummated to the grantee before the death of decedent.

In Schaszberger's Estate, 34 D. & C. 367, the neat question involved pertinent to this appeal was whether or not certain conveyances made by decedent were made in contemplation of death or intended to take effect in enjoyment at or after death. This contention parallels that of the Commonwealth in this case, the Commonwealth contending that the things that were done were done in contemplation of death.

If the fact of importance in this case were the mental attitude of Elizabeth L. Wilson, I would be warranted in finding that what was done was in contemplation of death, but since she predeceased her husband his portion of this transaction is free from that implication under the evidence, and I have refused to find that decedent's contribution to this arrangement was made in contemplation of his death. I do not deem it important, however, that this be found one way or the other, because under the arrangement set up the enjoyment of the title to the property was postponed to the death of decedent.

My attention has been called to Cooper's Estate, 24 D. & C. 598, affirmed in 320 Pa. 418. The question determined in Cooper's Estate was not the neat question involved here. This litigation dealt with a trust in which the settlor reserved a life interest in the income. This interest was subject to the tax imposed by the Act of June 20, 1919, P. L. 521. The trustee, however, claimed that decedent's interest was a gift to her through a release of the income from the settlor. A great many implications were involved in this case. The beneficiary under this trust

was held liable for tax on the appraised value of a mortgage for $41,000 on premises 1700 Race Street and on Cambridge Apartment House bonds appraised at $1,575. Her appeal was sustained as to premises 215 North Seventeenth Street, and a credit transferred in the bookkeeping paid to claimant on the check of the settlor. This case affords very little light on the neat question in which we are here concerned.

Klein's Estate, 28 D. & C. 449, involved a complication in which a son was a legatee and also a creditor against his mother's estate. The mother in her will devised certain premises to this son because she had been enabled to purchase the same by the use of the son's money. The court ruled that it was the duty of the son to elect whether he was a creditor or legatee, and being the executor and failing to so elect, the law elected for him as a legatee, in other words, taking under his mother's will a legacy under her will. This affords but little light.

Baker's Estate, 39 D. & C. 405, involved a fact situation in which decedent by completed conveyances conveyed his property to certain of his kinsmen who permitted him to enjoy part of the income or occupation of the premises. The conveyance was a completed transaction in the lifetime of decedent. It was held that this property was not taxable because it was not conveyed in the contemplation of death and because it was completed for a consideration before decedent died. The rule thus made is in consonance with Leffmann's Estate, 312 Pa. 236, Cooper's Estate, 320 Pa. 418, as well as Myers' Estate, 309 Pa. 581.

The draftsman of this agreement was met by two problems. It is very commonly the experience of people in this situation that the grantees will disregard their obligation when they have the completed title to the premises. For that reason the scrivener very wisely reserved the control of the property in behalf of the grantees of this decedent until after his death. The price which any competent lawyer incurs for this type of protection is that

he is imperilled by the possibility of the tax liability, and that is where we are now.

All the cases on the subject to which my attention has been called turn upon the question of when the contract, gift, or largess is consummated. If it is consummated at death, then to the extent to which the parties themselves may have arranged the matter, the tax liability inheres.

There is, however, a right which I think the parties appellant may properly and fairly urge. As between the parties to this agreement it was sufficient and binding; but the Commonwealth obtrudes itself into the picture, and is entitled to tax upon the fair value of the premises as appraised.

Among the factors of this agreement was a right on the part of the trustee and grantors to terminate the same, paying to the grantees certain sums of money. If this contract had been terminated upon the death of the decedent-survivor, the amount which the grantees were entitled to would have been $470, according to the factors of the second paragraph of the third page of the agreement. To that end they are justly entitled to be considered with respect to two other items:

After the death of decedent and before the appraisement was made, the grantees expended upon the building the sum of $550 for a new heating plant, and they painted the exterior of the building, which under the agreement was not their task, at the expense of $150.

Presumably the appraisement represents the value of the house after these $700 of repairs had been added to it.

The appeal of the said Ralph S. Pusey and Mae E. Pusey is, therefore, sustained in the sum of $700, by which sum the appraised value of the house is diminished or fixed at $5,300. There should also be deducted the admitted debts and deductions amounting to $1,192.40, which further diminishes the appraised valuation to the amount of $4,107.60. And this liability should be further reduced by the sum of $470 in which sum they had acquired an equitable interest at the death of the survivor-grantor.

This adjusts the tax due as follows:

| | | |
|---|---:|---:|
| Appraised value of house | | $6,000 |
| Improvements made by grantees | $700 | |
| Their equity in the house even between the parties | 470 | |
| Debts and expenses allowed by appraiser | 1,192 | 2,362 |
| Net value | | $3,638 |

upon which is due 10 percent tax or $363.80. As above modified the appeal is dismissed.