**BETHEA v. SHEPPARD, Comptroller of Public Accounts, et al.**

No. 8940.

Court of Civil Appeals of Texas. Austin.

Oct. 9, 1940.

Rehearing Denied Oct. 30, 1940.

998

Smith & Hall, of Edinburg, for appellant.

Gerald C. Mann, Atty. Gen., Cecil C. Rotsch, Asst. Atty. Gen., and John J. McKay and Charles N. Avery, Jr., both of Austin, for appellees.

BLAIR, Justice.

This appeal involves the construction of the joint will and trust agreement of Henry Henke and his wife, Catherine Henke, both deceased, placing their entire community estate under control of the instrument, to determine whether the State of Texas is due inheritance taxes on the net value of Catherine Henke's one-half community interest in the trust estate, agreed to be $1,074,048.96. The agreed net value of her separate estate is $270,800.08. If no taxes are due on any portion of the trust estate, the amount due the State is $6,282, which amount appellant tendered; but if the whole of the trust estate is subject to taxation, the amount due is $60,740.94; for which amount the trial court rendered judgment for the State.

The joint will and trust agreement was executed January 27, 1928. Henry Henke died February 18, 1928. The trust instrument provided for certain bequests and annuities to become effective at his death, payable primarily out of the revenues of the joint trust estate, but if necessary resort to the principal or corpus of the trust estate to pay the annuities of Mrs. Henke and Mrs. Bethea was authorized. Henry Henke was made trustee of Catherine Henke's one-half community interest, if she predeceased him; but if he predeceased her, the Houston Land & Trust Company was appointed executor and trustee and the entire community estate was placed under control of the trust instrument. It made appellant, Mrs. Leona H. Bethea, the daughter and only child of the Henkes, the principal devisee or beneficiary. After the death of Henry Henke the will and trust instrument was probated as his will and the State was paid the inheritance taxes due on his one-half of the community estate, valued at $1,156,332.04, as having passed after his death to the said Leona H. Bethea as devisee or beneficiary; and such taxes are not here involved. Only the State's claim for the inheritance taxes due on the one-half community interest of Mrs. Henke, as having passed under the will and trust instrument at Mrs. Henke's death in 1936 to Mrs. Bethea, is here involved.

The community estate at the death of Henry Henke who predeceased his wife, consisted of stock in Henke & Pillot, Inc., a corporation engaged in the grocery business; business property in Houston; real estate notes and cash, of the aggregate value of $2,763,693.69. The average annual net income from this property for five years prior to the death of Henry Henke had been $154,529.89; and since his death the joint trust estate has produced an average annual net income of $122,812.04. The executor and trustee administered and operated the entire community estate for some time as one, but eventually opened two trust accounts, one being the "Estate of Henry Henke, Deceased," and the other the "Mrs. Catherine Henke Trust," and all charges, expenses, bequests and annuities have been paid equally from these accounts.

The material portions of the joint will and trust agreement providing for payment of annuities to Mrs. Henke and Mrs. Bethea, and making Mrs. Bethea the ultimate devisee or beneficiary, are as follows:

"In the event of Henry Henke's death, if Mrs. Catherine Henke is living, then the joint property shall thereupon be taken charge of by the Houston Land & Trust Company and kept intact until time for distribution arrives under the provisions hereof, and when such time arrives, the Executor and Trustee shall distribute said property according to the provisions hereof. If Henry Henke dies before the death of Mrs. Catherine Henke, the Executor and Trustee shall pay to Mrs. Catherine Henke, during her lifetime and at such times and in such amounts as she may desire, the sum of Forty Thousand Dollars ($40,000.00) per year out of the net revenue of our joint property, and if said net revenue is insufficient for such purpose, then the principal of our joint property shall be resorted to in order to pay such yearly sum, and such Executor and Trustee, after the death of Henry Henke and until time for distribution arrives, shall pay to our daughter, annually, the sum of Twenty-five Thousand Dollars ($25,000.00) at such times and in such amounts as she may desire, out of the net revenue of our joint property, and if such revenue is insufficient for that purpose, then the principal of our joint property shall be resorted to in order to pay said sum, and if the net revenue of our joint property will so justify, then said annual payments to Mrs. Catherine Henke shall be increased to Fifty Thousand Dollars ($50,000.00) and such annual payments to our daughter shall be increased to Thirty-five Thousand Dollars ($35,000.00); but should Mrs. Catherine Henke die before the time for distribution arrives under the provisions of this will, the annual payments to our daughter, Mrs. Leona Bethea, shall be increased to the sum of Seventy-five Thousand Dollars ($75,000.00) per annum, if the net revenue of our joint property will so justify, and if not, then such annual payment shall only be increased to the sum of Sixty-five Thousand Dollars ($65,000.00) and if the net revenue of our joint property is insufficient for such purpose, then the principal of our joint property shall be resorted to in order to pay such yearly sum."

"At the expiration of eight (8) years after the death of both Henry Henke and Mrs. Catherine Henke, meaning eight (8) years after the date of the death of the one who dies last, then the said Houston Land & Trust Company, after deducting expenses and charges incidental to the management of said estate up to that time, shall turn over to our daughter, Leona Bethea, the balance of our estate, and if she be not living at that time, then the property that would have been turned over to her shall be retained and managed by said Executor,

and Trustee as. it has been doing, for an additional five (5) years, and at the end of such five (5) years shall turn same over to the children of our daughter, Leona Bethea, share and share alike. * * * If our daughter, Leona Bethea, should die before the expiration of eight (8) years after the death of both of us * * * then * * * such executor and trustee shall expend such portion of the revenue from said grandchildren's portion of our estates as may be reasonable * * * until said property is distributed to said grandchildren under the terms of this will * * *."

"In case of the death of S. L. Bethea and my daughter, Leona Bethea, should remarry, the estate shall be divided, half to Leona Bethea and half to her children, this latter half to be equally distributed between the three children."

From 1928 until the death of Mrs. Henke in 1936, she was paid $40,000 per year, one-half or $20,000 was paid out of her trust estate and one-half out of the Henry Henke trust estate; and during this same period Mrs. Bethea was paid $25,000 per year, one-half being paid out of each of said trust estates. Since the death of Mrs. Henke, Mrs. Bethea has been paid the increased annuity of $65,000 per year, one-half out of each of said trust estates. These annuities have been paid out of net revenues of the respective trust estates, which has at all times been sufficient to pay them.

The joint will and trust instrument further provided: "During the time the Houston Land & Trust Company, may act as Executor and Trustee under the provisions hereof, it shall have the power and authority to take control and possession of our joint property and to manage the same and to collect the revenue and indebtedness owing to same and may sell any part thereof for cash or on terms or exchange same, except that in selling and disposing of any of said property the consent of the advisory board hereinafter provided for shall first be obtained, * * *."

It was further provided that C. G. Pillott should have first option to purchase the shares of stock of Henke & Pillott, Inc.; that the proceeds of sales and excess revenues be reinvested by the executor and trustee with consent of the advisory board, who were named, their powers defined, and the manner of filling vacancies of the board provided.

Since the death of Henry Henke the executor and trustee and the advisory board have acted and functioned as provided for in the joint will and trust instrument, but have not sold any of the corpus of the trust estates; same are still in existence and operation, except there has been some decrease in the value of the one-half community interest of Mrs. Henke, due to causes which are not material here.

The trial court construed the joint will and trust agreement as evidencing the intention of Mrs. Henke, the grantor or donor, to withhold the right of full or complete possession or enjoyment of her one-half community interest in the community or joint trust estate, except the $12,500 annuity payable primarily out of revenues to Mrs. Bethea during the lifetime of grantor, from Mrs. Bethea, the grantee or donee, until after the death of grantor or donor, or not sooner than eight years after her death. Having so construed the instrument, and the evidence having shown that the grantee or donee had not prior to the death of grantor or donor received, controlled nor come into possession or enjoyment of any of the corpus of what is designated the "Mrs. Catherine Henke Trust" estate, the trial court accordingly concluded that the inheritance taxes were due on the net value of the corpus of said trust estate under the provisions of Art. 7117 of our Inheritance Tax Laws, which read: "All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein * * * which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person * * * be subject to a tax * * *."

The main contention of appellant is that properly construed the joint will and trust instrument vested in her, through the trustee, the possession and enjoyment of the entire trust estate, except the life annuity payable to grantor, as of and from the effective date of the trust instrument; and that in consequence the trust estate is not taxable under the provision of the statute which taxes only transfers of property "made or intended to take effect in possession or enjoyment after the death of the grantor." In support of this contention and construction, appellant further contends that the trust instrument irrevocably transferred the joint trust estate to the trustee, and cites the provision giving full

power to the trustee to manage and control the entire trust properties, except as to certain acts which required consent of the advisory board; the provisions for payment of annuities out of the corpus of the trust estate, if revenues proved insufficient; the provision for reinvestment of the surplus revenues with consent of the advisory board; and the provision directing the trustee to turn over the remainder of the trust estate to appellant eight years after the death of the grantor, as manifesting the intention of grantor to transfer the entire estate, except that necessary to pay her annuity, to appellant as of and from the effective date of the trust instrument; and contends that the provision requiring the trustee to resort to the principal or corpus of the trust estate, if necessary, to pay the annuity of grantor did not under the facts operate to defer until the death of grantor the enjoyment by appellant of all of the trust estate. Alternatively, appellant contends that if any portion of the trust estate value is taxable, it is only that portion of the value necessary to produce the annuity payable to grantor, and/or that portion necessary to pay the annuity of appellant prior to and after the death of grantor, or until eight years after the death of the grantor. These alternative positions are predicated upon the contention of appellant that the provisions for the payment of annuities out of the corpus of the trust estate if necessary were more apparent or precautionary than real when viewed in the light of the prior history of the community property as producing revenues greatly in excess of the annuities provided for, and the fact that resort to the corpus of the estate was never necessary to pay them. And all contentions are made as showing that factually and on principle the instant case is distinguishable from decisions of other states construing inheritance or succession tax statutes, which have generally held that any transfer in trust wherein grantor or settlor reserves an income, or the beneficial enjoyment or control of the trust property to himself or herself for life or until after death, the property is taxable under the statutes taxing transfers made or intended to take effect in possession or enjoyment at or after death of the grantor or settlor.

We are in accord with the construction placed upon the joint will and trust instrument by the trial court and its conclusion that the net value of the cor-

pus of the trust estate in suit was taxable upon the death of the grantor. That is, we construe the instrument as conclusively showing the intention of grantor or settlor to withhold the full or complete possession or enjoyment of the trust estate, except the annuity payable to appellant primarily out of the revenues, from appellant until after the death of grantor, or until eight years after her death. The trust instrument expressly provides that the "remainder" of the estate "shall not be distributed" during the lifetime of grantor, and not "until the expiration of eight years after her death." The transfer or right of possession or enjoyment of the remainder of the trust estate was made contingent upon appellant's surviving the grantor, which necessarily fixed appellant's rights at or after the death of grantor. The instrument also provided for the payment of an annuity to appellant of a certain amount until the death of grantor and for an increased amount for eight years after the death of the grantor, at which time the "remainder" of the estate was to be turned over to or paid to appellant. Thus the trust instrument expressly provided that the death of the grantor must in all events occur before the remainder of the estate can take effect in possession or enjoyment in appellant, the beneficiary. And thus the trust instrument by its own terms brings the instant case squarely within the statute, which does not impose the tax on the transfer of the property, nor on the passing of the property from the grantor, nor on the right to become beneficially interested in the property, but imposes the tax upon the passing of the property or interest therein when "made or intended to take effect in possession or enjoyment after the death of the grantor." In other words, the thing burdened with the tax is the right to receive or the right of succession as distinguished from the right of transfer. State v. Hogg, 123 Tex. 568, 70 S.W.2d 699, 72 S.W.2d 593.

It may be here observed that the case is one of first impression with regard to the construction of the statute above quoted. This fact has required an examination of the decisions of other states with respect to their inheritance or succession tax statutes, which decisions are in conflict in some respects. They present, however, constructions of statutes not exactly similar and apply to dissimilar factual situations. And while such decisions are not directly in point, we think they pre-

sent reasonable analogy in some respects to the instant case on the questions involved.

The decisions of other states show that courts have generally held transfers in trust wherein the grantor or settlor has reserved an income to be taxable under a statute taxing transfers made or intended to take effect in possession or enjoyment at or after the death of the grantor or settlor. 61 C.J. 1663, § 2484(d), and cases there cited; 121 A.L.R. 365, 366. See, also, 49 A.L.R. 874; 67 A.L.R. 1250; 100 A.L.R. 1246; and Cooper's Estate, 320 Pa. 418, 183 A. 45; In re Murphy's Estate, 182 Cal. 740, 190 P. 46; In re Lowengart's Estate, 160 Or. 118, 84 P.2d 105. In the instant case an income or annuity of $40,000 or an increased income or annuity of $50,000, payable primarily out of the income or revenues, but with resort to the principal or corpus of the trust estate if necessary, was reserved in grantor until her death, one-half of such income or annuity to be paid out of her community half of the trust estate. Several other annuities were likewise payable one-half out of each trust estate until the death of those to whom the same were payable, and one such annuity payee survived grantor. These provisions and facts bring the instant case within the rule stated.

It is also quite generally held that if the income of the trust property is payable to the beneficiary until the death of the grantor or settlor, at which time the remainder or corpus is to pass to the beneficiary, the right to receive same or the right of succession thereto is, as to the remainder, taxable as being made or intended to take effect in possession or enjoyment after the death of the grantor or settlor. State Street Trust Co. v. Stevens, Treasurer & Receiver General, 209 Mass. 373, 95 N.E. 851; In re Patterson's Estate, 146 App. Div. 286, 130 N.Y.S. 970, affirming Sur., 127 N.Y.S. 284; Matter of Cruger, 54 App. Div. 405, 66 N.Y.S. 636, affirmed 166 N.Y. 602, 59 N.E. 1121. In the instant case the trust instrument provided for an annuity of $12,500, payable to appellant, which might be and has been increased to $65,000 during the eight-year period after the death of grantor or settlor, at which time the remainder of the trust estate is to be delivered to appellant. These facts and provisions bring the instant case within the rule stated.

The decisions also hold that if the rights of the beneficiaries are contingent upon their surviving the grantor or settlor of the trust estate, it is the death of the grantor or settlor which fixes the rights to take or succeed to the trust estate, and the passing or transfer is taxable as one made or intended to take effect in possession or enjoyment after the death of grantor or settlor. People v. McCormick, 327 Ill. 547, 158 N.E. 861. The trust instrument here involved provided that if appellant, the beneficiary, did not survive grantor, or for a period of eight years after grantor's death, the trust property should pass to the children of the beneficiary. These provisions make the rights of the beneficiary contingent upon the beneficiary surviving grantor, and bring the instant case within the rule stated.

And in Re Hollander's Estate, 123 N.J. Eq. 52, 195 A. 805, 808, the court states generally: "The test of taxability is not the time of the complete divesting of the transferor's interest or ownership; it is the time of the complete succession by the transferee. Where there is a transfer of a specific interest in property and the succession of the transferee does not become, and under the terms of the transfer is not to become, complete until a time at or after the death of the transferor, that transfer is taxable. 'The distinction * * *￼ rests on * * * whether the donee is deprived of an interest of some kind * * * until the donor's death.'"

See, also, People v. Moses, 363 Ill. 423, 2 N.E.2d 724; In re Toy's Estate, 220 Iowa 825, 263 N.W. 501; and Kimball v. Potter, 89 N.H. 234, 196 A. 272, 274, wherein the court states that "the possession or enjoyment, within the statutory meaning, is such as is actual and real, and not such as is theoretical or deferred," and that the tax was to be assessed on the value of the property at the death of the decedent.

We do not regard as necessary a lengthy discussion of the distinction recognized by the authorities between the federal estate tax and the inheritance or succession tax levied by the various states. Suffice it to say that the federal estate tax is imposed upon the right of grantor of transferrer to transfer property, and that the inheritance or succession tax by the State is imposed upon the right to receive or succeed to the possession or enjoyment of property. Nor is it necessary to discuss the conflict of authorities with respect to the distinction as to these two forms of taxes. Under the Federal Estate Tax Law, the primary question to determine is when the decedent or grantor parted with all property rights. Under our

State Inheritance or Succession Tax Statute, the primary question is whether the transfer was made or intended to take effect in possession or enjoyment after the death of grantor or settlor, particularly in cases of transfer of property in trust. It is not a question of when the beneficial interest is created, but the tax is imposed upon the right to receive in possession or enjoyment after the death of grantor or settlor. In consequence, a grantor or settlor may create an irrevocable trust during his lifetime, still if he postpones the right of possession or enjoyment of the beneficiary until after grantor's death, the property or any interest therein is subject to the inheritance or succession tax at or after his death. Under our statute, where either "possession" or "enjoyment" is made contingent upon the death of grantor or settlor of all or any part of the trust estate, such transfer is taxable. Nor is the fact that appellant was given an annuity payable out of the income, with resort to principal or corpus if necessary, material, because it is manifest that the right of possession or enjoyment of income is not possession or enjoyment of the principal or corpus of the trust estate which produces that income. In re Fulham's Estate, 96 Vt. 308, 119 A. 433, and In re Patterson's Estate, Sur., 127 N.Y.S. 284, affirmed 204 N.Y. 677, 98 N.E. 1109. Under this and our above conclusions, it required the death of the grantor or settlor to vest in appellant any right of possession or enjoyment of the principal or corpus of the trust estate, except the possibility and right to resort to same to pay the annuity if the income proved insufficient, which never occurred. At the death of grantor or settlor the full possession and enjoyment of all of the trust estate vested in appellant through the trustee, subject to be defeated only in part by her remarriage prior to the end of the eight-year period after the death of grantor. Manifestly the statute does not authorize the postponement of the tax to await such contingency or condition subsequent, and these conclusions answer all alternative contentions of appellant that only portions of the value of the corpus or principal were taxable. Our above conclusions also deny the contention of appellant that the tax should be postponed to determine what eventuality might happen during the eight-year period after the death of grantor or settlor. Nothing in the statute authorizes such postponement of the tax; but to the contrary it shows that the legislature intended that the tax become due and payable immediately after the death of grantor, at which time appellant, through the trustee, came into full possession and enjoyment of the entire trust estate, which right of possession or enjoyment the statute taxes.

The judgment of the trial court is affirmed.

Affirmed.