

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711
February 11, 1963

WAGGONER CARR
ATTORNEY GENERAL

*affirms*
*O-6691*
*O-7495*

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. C-12

Re: Taxability for inheri-
tance tax purposes of
United States Govern-
ment bonds of the co-
ownership type in view
of Free v. Bland,
___ U.S. ___, 82 S.Ct.
1089 (1962).

Dear Mr. Calvert:

Your letter requesting the opinion of this office on the above captioned matter reads as follows:

"We kindly ask that you review Opinions No. 0-6691, August 8, 1945, and No. 0-7495, December 17, 1946, of your office and determined whether their rulings are correct in view of the decision in J. W. Free vs. James F. Bland, 82 S.Ct. 1089."

You have orally advised us that since the decision in the Free case, supra, numerous taxpayers are asserting that United States Government bonds of the co-ownership type are not subject to any inheritance tax.

Opinion No. 0-6691 held that one-half of the value of U. S. bonds of the co-ownership type purchased with community funds and payable to husband or wife was subject to an inheritance tax upon the death of the husband. The opinion quotes the provision of Article 7117,[1] Volume 20, Vernon's Annotated Texas Statutes, which makes taxable transfers of property passing by "deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor. . . ." The opinion states that the scope of this particular provision is not limited by the legal device by which property passes at death, but that the tax is imposed on the right to receive or succeed to the possession or enjoyment of the property after the death of the decedent, and that the transfer is within the purview of the statute if such possession or enjoyment is made contingent on, or postponed until, the death of the grantor or donor. Bethea v. Sheppard, 143 S.W.2d 997 (Tex.Civ.App. 1940, error ref.).

---

[1] Presently carried as Article 14.01, Ch. 14, Title 122A, Taxation-General, V.A.T.S.

-47-

We quote the following excerpts from pages 3-6 of the opinion:

"The primary question in the instant case, therefore is whether the wife received or succeeded to the possession or enjoyment of all or any part of these Series 'E' United States Government Bonds on the death of the husband. There is agreement that the bonds were purchased with community funds and that, since the death of the husband, the wife is the sole owner of them. It follows that at some time the interest of the husband passed to the wife and it must be determined when and in what manner this change occurred.

"These bonds represent a contract with the Government of the United States and the regulations of the Treasury Department are made a part of such contract by reference.

"The first applicable regulation provides:

"'During the lives of both co-owners the bond will be paid to either co-owner upon his separate request, without requiring the signature of the other co-owner; and upon payment to either co-owner the other person shall cease to have any interest in the bonds.' (Treasury Department Regulations, Subpart K, Section 315.32. Department Circular No. 530, 5th Revision, June 1, 1942. (a)).

"Obviously, this regulation is intended to fix the liability of the United States Government in the contract. It makes possession of the bonds the incident of the right to cash them, and once the bonds are cashed, serves to relieve the United States from any further liability. However, it does not regulate the rights of the co-owners as between themselves in the bonds or in the proceeds from the bonds if they are cashed. This regulation is not, therefore, in conflict with the community property law of Texas.

"  . . .

"In these co-ownership type of bonds, this regulation creates in each co-owner the right of survivorship. As stated, the regulation is a part of the contract and it must be presumed that the parties to the contract intended the effect of the regulation. It follows that in the present case, the husband and wife intended to create by contract the right of survivorship in each other. It is not believed that such a contract violates the community property law of Texas and it would appear that it should be given effect.

"  . . .

"That the status of the parties in these co-ownership type bonds is analogous to their status in a bank account has also been suggested. Such an analogy is clear between these bonds and a 'joint tenancy' type of bank account, wherein funds are deposited in the names of both spouses each having the right to withdraw any part or all of the funds and each succeeding to full ownership of the funds on the death of the other. In fact, it is not impossible to theorize that the status of co-owners in these bonds is one of joint tenancy which, although impossible by operation of law (see Art. 2580, V.A.C.S.) may be created by contract (see Chandler v. Kountze, 130 S.W.2d 327).

"Whatever the theory or analogy here applicable, substantially the same results will obtain. In having these bonds made payable to husband or wife, the decedent gave to his wife, 'tentatively at least', his community interest therein. Although the gift was revocable or the right bestowed thereby was defeasible through the decedent's

cashing of the bonds prior to his death,
the bonds were not so cashed and the
wife 'received or succeeded to the pos-
session or enjoyment' of the decedent's
undivided one-half (1/2) interest in
the bonds."

Opinion No. O-7495 held that government bonds payable
to a named beneficiary were taxable at the death of the owner
of the bonds.  The Opinion discussed the holding of Opinion
No. O-6691 and concluded that there appeared to be little
distinction between co-ownership bonds held by the husband
and wife purchased with community funds, and the beneficiary
type bonds, insofar as inheritance taxes are concerned, and
concluded that there was a taxable transfer to the beneficiary
upon the death of the owner of the bonds.  In so holding, the
Opinion also points out that the Comptroller, who is charged
with the duty of the administering the inheritance tax statutes,
has construed the statute as imposing a tax upon the transfer
of an interest in this type of asset ever since the bonds were
issued; and in the absence of an authoritative court decision,
the departmental construction of the official charged with the
duty of collecting the tax is entitled to much weight.

In Ricks v. Smith, 159 Tex. 280, 318 S.W.2d 439 (1958),
the husband had purchased with community funds U. S. govern-
ment bonds of the "or" type made payable to himself or his
wife.  The husband left a will devising his entire estate in
trust for the benefit of his wife for life with remainder over
to two named legatees.  After the wife's death, her heirs sued
to recover her one-half interest in the bonds.  The court held
that the wife became vested with the sole ownership of the
bonds upon the death of the husband, and that no interest in
them passed to the legatees under the will.  The court viewed
the purchase of the bonds as creating a property right under
the terms of the contract, not merely a convenient method of
payment to the Treasury Department.  The Comptroller followed
this decision where applicable in distributing estates for
inheritance tax purposes.

In Hilley v. Hilley, 161 Tex. 569, 342 S.W.2d 565 (1961),
corporate stock had been purchased with community funds and
issued in the names of the husband and wife "as joint tenants
with right of survivorship and not as tenants in common".  The
court held that the shares must be treated as community property,
that the surviving wife took no interest therein by virtue of
the survivorship agreement, but that the decedent's one-half
interest passed under the laws of descent and distribution.
The court stated that Section 46 of the Probate Code, which

provides for the creation of joint tenancies by specific agreement was not intended to modify the existing articles of the statute, which provide methods by which community property may be partitioned,[2] and furthermore, that any such legislation would be unconstitutional in view of the constitutional definition of community property.[3] The court stated that the Ricks case, supra, should be overruled, and that it would not be followed where "or" bonds are purchased with community funds and issued in the names of the spouses as co-owners.

The Hilley case led to another revision by the Comptroller in his administrative practice in collecting inheritance taxes in those estates having "or" bonds purchased with community funds and payable to husband or wife. In Free v. Bland, ____ U.S.____ , 82 Sup.Ct. 1089 (1962), the Supreme Court of the United States reversed the Texas Supreme Court and reinstated the ruling of the Ricks case with regard to co-ownership government bonds purchased with community funds issued in the names of the spouses. The Court of Civil Appeals[4] had followed the holding in the Ricks case. Application for Writ of Error was filed in the Texas Supreme Court at the same time that the Court was considering the Hilley case. After the decision in the Hilley case, the Court acted on the Application for Writ of Error in the Free case,

---

[2] Articles 4613, 4614, 4619, 4624a and 881a-23.

[3] Article XVI, Section 15. At page 571 the Court said:

> ". . . Under the Constitution, property which she acquires during marriage in any manner other than by gift, devise, descent, purchase with separate funds, or partition as authorized by Articles 4624a and 881a-23, does not and cannot be made to constitute her separate property. Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799. . . ."

[4] 337 S.W.2d 805 (1960).

reversing the decision of the Court of Civil Appeals.[5]  This is the judgment which was reversed by the United States Supreme Court.  The United States Supreme Court stated that the clear purpose of the Treasury regulations[6] was to confer the right of survivorship on the surviving co-owner and not simply to provide a convenient method of payment.

Far from effecting a change with regard to the taxability of transfers of government bonds of the types we have here considered, the effect of the United States Supreme Court opinion is to reinstate the method used by the Comptroller in making distribution for inheritance tax purposes after the Ricks case. This is so because the Free case is concerned per se with property rights, and its only effect for inheritance tax purposes is that which ensues therefrom, that is, the determination of property rights necessarily determines the distribution of property for inheritance tax purposes.  Therefore, although the Free case affects the imposition of the tax and the amounts thereof, if any, it in no wise raises any question as to the validity of the tax.

The last sentence on page 2, the last sentence of the first paragraph and the entire second paragraph on page 3 no longer correctly state the law with respect to those cases in which the husband using community funds establishes a joint tenancy for himself and his wife.  However, despite the statement in Opinion No. 0-6691 that the Treasury "regulation is not in conflict with the community property law of Texas. . ." (a statement clearly contra to the holding in the Hilley case, supra), both Opinion No. 0-6691 and Opinion No. 0-7495 correctly state the law as to whether the decedent's interest in government bonds is, upon passing at death, subject to inheritance tax.

---

[5] 162 Tex. 72, 344 S.W.2d 435 (1961).

[6] The Treasury regulations provide that the co-owner of United States savings bonds issued in the "or" form who survives the other co-owner "will be recognized as the sole and absolute owner" of the bond (31 C.F.R., Sec. 315.61), and that "no judicial determination will be recognized which would defeat or impair the rights of survivorship conveyed by these regulations." (Id. Sec. 315.20).  Thus the survivorship provision is a Federal law which must prevail under the Supremacy Clause.

## S U M M A R Y

Attorney General's Opinion No. 0-6691 held that one-half of the value of United States Government bonds of the co-ownership type purchased with community funds and payable to husband or wife is subject to an inheritance tax upon the death of the husband. Opinion No. 0-7495 holds that the transfer of United States Government bonds payable to a named beneficiary is subject to an inheritance tax upon the death of the owner. The holdings of these opinions on these two points are not affected by the decision in Free v. Bland, _____U.S._____, 82 S.Ct. 1089 (1962); and they are reaffirmed. The Free case affects the distribution of government bonds for inheritance tax purposes, not the taxability of such successions thereto.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant Attorney General

MMP/jp

APPROVED:

OPINION COMMITTEE,
W. V. Geppert, Chairman
Arthur Sandlin
Bill Allen
Cecil Rotsch
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone